512

In the Matter of WILLIAM B. GLADSTONE, an Attorney, Respondent. CO-ORDINATING COMMITTEE ON DISCIPLINE OF THE ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, THE NEW YORK COUNTY LAWYERS' ASSOCIATION AND THE BRONX COUNTY BAR ASSOCIATION, Petitioners.

In the Matter of BERT MARKOWITZ, an Attorney, Respondent. CO-ORDINATING COMMITTEE ON DISCIPLINE OF THE ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, THE NEW YORK COUNTY LAWYERS' ASSOCIATION AND THE BRONX COUNTY BAR ASSOCIATION, Petitioners.

First Department, June 28, 1962.

*Henry Weiner* (*Allen Harris* with him on the brief), attorney for petitioners.

*Henry G. McDonough* for respondents.

*Per Curiam.* The respondent William Gladstone was admitted to practice in the First Department on March 21, 1949, and the respondent Bert Markowitz was admitted to practice in the Second Department on June 23, 1954. The two respondents, on March 29, 1956, entered into a partnership for the practice of law under the firm name and style of Gladstone & Markowitz. They continued thereafter in the practice of law as a partnership, and were so practicing at all times hereinafter mentioned.

The petition herein sets forth nine charges of alleged professional misconduct, some of which are mainly alleged against the respondent attorneys jointly and some of which are alleged or proven solely as against the respondent Gladstone; and the general nature of the charges will be mentioned later. By order of this court, entered on December 28, 1960, the proceeding was referred to Hon. ISIDOR WASSERVOGEL, as Referee, to take testimony and to report with his opinion. The Referee, following hearings and the taking of considerable testimony, has found certain of the charges sustained against the respondents jointly, has found certain of the charges sustained solely against one or the other of the respondents, and has found certain of the charges not proven.

The petitioners move to confirm the report of the Referee insofar as it finds certain of the charges established, but moves to disaffirm the report of the Referee as to his determination that certain of the charges were not sustained. The petitioner further requests that the respondents be adjudged guilty of professional misconduct and that the court take such action herein as may be just and proper.

Upon a review of the testimony and exhibits, we confirm the report of the Referee in all respects insofar as it reports that certain of the charges were sustained by the petitioner as against the respondents or against one or the other of them. In addition, we find that the evidence clearly establishes that Charge No. 1, insofar as it charges the willful submission to the insurance carrier of a false statement of loss of earnings in the Koksha case, was sustained as against the respondent Markowitz and conclude that he should be held responsible therefor with his partner (Gladstone). We further find that the evidence fully sustains Charge No. 2 alleging the intentional submission of false medical reports and false doctors' bills by the respondents to insurance carriers in the specified cases of Carlin, Robotti, Boyer, Stein, B. Guidice and F. Guidice; and this charge was sustained against respondent Gladstone in the case of Science. We therefore disaffirm the Referee's report insofar as it finds that said Charge No. 1 in the particular specification was not established as against the respondent Markowitz and insofar as it finds that Charge No. 2 was not sustained against the respondents.

On the basis of the charges fully established and sustained, it clearly appears that the respondents have been guilty of serious dishonest, deceptive and unethical practices in their representation of personal injury claimants. Charges 1, 2 and 4, to the extent proven and sustained, bear out that the respondents in their practice, did, from time to time in the course of the presentation of claims to insurance carriers for personal injuries, cause to be submitted to said carriers bills of particulars, medical reports, medical bills, and, in at least one instance, a spurious letter, containing willfully exaggerated or knowingly false statements of the injuries, medical expenses or loss of earnings of the personal injury claimants represented by them. The false data was submitted to insurance carriers for the obvious purpose of supporting exaggerated demands for settlement and of deceiving the carriers as to the provable damages. This constitutes serious professional misconduct. (See *Matter of Shields,* 16 A D 2d 50; *Matter of Shufer,* 12 A D 2d 208;

*Matter of Wysell*, 10 A D 2d 199; *Matter of Silver* v. *Miller*, 13 A D 2d 974.)

The settlement by the respondents of certain personal injury claims of infants without court order, as alleged in Charge No. 5, was fully established. Such settlement, without court order, violated the express provisions of the Rules of Civil Practice and of the Special Rules of this court Regulating Conduct of Attorneys. This practice is expressly declared to be professional misconduct (see Special Rule 4-G [renumbered Special Rule 2 in 1960]) ; and a general practice on the part of attorneys in this connection has been said to be " grievous misconduct " (see *Matter of Shufer, supra*, p. 214. See, also, *Matter of Shields, supra*).

Fully sustained, also, against the respondents was Charge No. 8 that the respondents indulged in the custom and practice generally of agreeing to pay and of actually paying in behalf of personal injury claimants, as their clients, various expenses attending the prosecution of clients' claims or actions, including process servers' fees, calendar fees, jury fees, and doctors' bills and other medical expense. It appears, as specifically found by the Referee that this was a common practice of the respondents. This also constitutes professional misconduct. (See Special Rules of this court Regulating Conduct of Attorneys, rules 4-G and 3 [effective in 1960, Special Rules 2 and 10.] Canons of Professional Ethics, canon 42.)

Furthermore, the following charges of serious professional misconduct were established against the respondent Gladstone, namely, Charge No. 3, that in several cases he paid a percentage of the settlements received to an insurance carrier employee for the purpose of influencing settlements with such carrier; Charge No. 6, that in a number of cases he split his fees with or paid a percentage of his fees to lay persons for their services as adjusters in settling personal injury cases with insurance carriers; and Charge No. 9, that he and another attorney made it a common practice, when deemed advisable by either of them, to use the other's name as attorney of record in the matter of personal injury claims without specific consultation in each case and without the control of the one over the actions of the other in a particular case.

The charges as established clearly demonstrate that these respondents are unfit to engage in the practice of the law. There are not here instances of merely isolated technical violations of rules of the court or of the Canons of Professional Ethics. On the contrary, the evidence shows that this partnership of the respondents embarked and continued upon a course of conduct clearly indicating that they had no regard for what is proper and ethical in the practice of their profession.

It is true that the respondent Markowitz did not personally or directly participate in many of the fraudulent and dishonest practices charged here. But he joined and continued in the practice of law with the respondent Gladstone as a partner when he knew or should have known of the fraudulent and unethical practices of the firm and of his partner. He was apparently in close touch with all of the personal injury claims and litigation handled by the firm. He admitted that he worked on nearly all of the files of the firm and that generally he prepared the pleadings and bills of particulars in litigated matters and did whatever else was necessary to process the personal injury claims where the firm was the attorney of record. He conferred frequently with his partner and participated as a partner in the profits of the firm. It is inconceivable that he did not know that his partner and his firm were repeatedly violating the ethics of his profession. Under the circumstances, he must also assume the responsibility for the unprofessional activities of the firm. (See *Matter of Shields, supra*; *Matter of Weitz,* 11 A D 2d 76; *Matter of Helfant,* 228 App. Div. 479.)

Except as otherwise specifically indicated herein, the report of the Referee is in all respects confirmed.

In view of the clearly demonstrated unfitness of the respondents to practice law, they should be disbarred.

RABIN, J. P., VALENTE, McNALLY, STEVENS and EAGER, JJ., concur.

Respondents disbarred.