[640 NYS2d 521]

In the Matter of ARTHUR J. GALLANCY (Admitted as ARTHUR JAMES GALLANCY), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 11, 1996

### APPEARANCES OF COUNSEL

*Andral N. Bratton* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Arthur J. Gallancy,* respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

Respondent, Arthur J. Gallancy, was admitted as Arthur James Gallancy to the practice of law in the State of New York by the First Judicial Department on February 14, 1972.

At all times relevant to this petition, respondent maintained an office for the practice of law within the First Judicial Department.

By motion dated December 8, 1995, the Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (iii), immediately suspending respondent from the practice of law until further order of the Court based upon uncontested evidence of respondent's professional misconduct which threatens the public interest.

On July 19, 1995, the Committee received a complaint from Mnajib Bennani. The complaint alleges, *inter alia*, that respondent represented Bennani on the sale of his restaurant. The closing took place on June 1, 1995, at which time $59,000 was paid by the purchaser. Respondent deposited these funds into a Chase Manhattan Bank escrow account designated "Kaufman and Gallancy Escrow Account". On June 5, 1995, respondent issued a $39,000 check drawn on the escrow account to Mr. Bennani which check was returned for insufficient funds.

Respondent had received a $72,000 check from one Steven Podell which apparently respondent had deposited into the same escrow account. Respondent received an account balance from a Chase Bank teller and determined that the $72,000 check, which was a loan to his client Investment America, had cleared. On June 5, 1995, the $72,000 check was returned. Respondent claims that because of disbursements made before the $72,000 check was returned, there were insufficient funds to pay the $39,000 check given to Mr. Bennani.

Respondent informed Mr. Bennani that either Mr. Podell or Investment America would pay the full amount due. Respondent claims that Investment America has subsequently paid some of the funds and has agreed to pay the balance as well as any out-of-pocket expenses suffered by Mr. Bennani.

There were a number of adjournments granted by the staff of the Disciplinary Committee and a number of promises by respondent to pay the amounts due Mr. Bennani. However, Mr. Bennani remained unpaid, and the instant motion was brought as a result.

Respondent asserts that he has taken action to assure that the circumstances herein do not occur again, and that from now on he will set up separate escrow accounts for large sums of money.

Respondent also points out that either Mr. Bennani or his designees have been paid $20,000 of the $59,000 deposited into

the escrow account. Respondent furthermore asserts that he is not presently capable of using his personal resources to pay Mr. Bennani, but if Investment America does not pay Mr. Bennani imminently, he will. He points out that a suspension will seriously jeopardize his ability to make such payment.

However, respondent failed to preserve the identity of $39,000 belonging to Mr. Bennani, and has failed to promptly repay Mr. Bennani, in violation of Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46); more than six months have elapsed with respondent still failing to return the full $39,000 to Mr. Bennani; and dire consequences have ensued to Mr. Bennani since June 1995 as a result of respondent's mishandling of his funds.

Thus, Mr. Bennani asserts that as a result of respondent's failure to pay him the $39,000, he missed an opportunity to purchase a restaurant he desired on First Avenue and he is now so financially depleted that he cannot even afford to pay child support. Whether or not respondent intended to harm Mr. Bennani, the fact remains that his client has been grievously harmed by his actions.

22 NYCRR 603.4 (e) (1) provides as follows:

"An attorney who is the subject of an investigation, or of charges by the Departmental Disciplinary Committee of professional misconduct, or who is the subject of a disciplinary proceeding pending in this court against whom a petition has been filed pursuant to this section, or upon whom a notice has been served pursuant to section 603.3 (b) of this Part, may be suspended from the practice of law, pending consideration of the charges against the attorney, upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest. Such a finding shall be based upon * * *

"(iii) * * * uncontested evidence of professional misconduct".

There is uncontroverted evidence that respondent has engaged in professional misconduct since nine months have elapsed since the closing and respondent's client, Mr. Bennani, still has not been paid the money he is entitled to as a direct result of respondent's actions. While respondent may have paid up to $15,000 of the $39,000 owed to Mr. Bennani while this motion was pending, respondent has been successful in postponing these disciplinary proceedings by falsely claiming on a number of occasions that Mr. Bennani would be paid imminently. As to respondent's excuse that it is the bank's fault

that the $39,000 check was returned, this fact may have been relevant at the outset of the proceedings. However, thereupon it became respondent's obligation to rectify the situation in a timely manner. Instead, respondent's other client, Investment America, has profited at Mr. Bennani's expense.

Respondent's professional misconduct immediately threatens the public interest since he has engaged in serious misconduct involving the misappropriation of client funds in violation of DR 1-102 (A) (4) (22 NYCRR 1200.3) and DR 9-102 (B). Respondent's conduct also involves dishonesty, fraud, deceit or misrepresentation, in violation of DR 1-102 (A) (4), since he has repeatedly misled both Mr. Bennani and the Committee regarding his intention to pay Mr. Bennani in full.

Accordingly, the Disciplinary Committee's motion pursuant to 22 NYCRR 603.4 (e) (1) (iii) is granted and respondent is suspended from the practice of law, effective immediately, and until further order of this Court.

MURPHY, P. J., WALLACH, ROSS, NARDELLI and TOM, JJ., concur.

Application granted, and respondent suspended from practice as an attorney and counselor-at-law in the State of New York, effective April 11, 1996, and until the further order of this Court.