[662 NYS2d 502]

In the Matter of CHRISTINE E. YARIS, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 2, 1997

#### APPEARANCES OF COUNSEL

*Stephen P. McGoldrick* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

#### OPINION OF THE COURT

Per Curiam.

Respondent, Christine E. Yaris, who has not appeared in this proceeding, was admitted to the practice of law in the State of New York by the Second Judicial Department on June

23, 1982. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

By motion dated July 25, 1997, the Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii) immediately suspending respondent from the practice of law until further order of the Court based upon her willful failure to cooperate with the Committee in its investigation of allegations of professional misconduct and other uncontroverted evidence of professional misconduct.

On February 13, 1997, the Committee received a complaint from David Soler which alleged that his family retained respondent in order to prepare and file posttrial motions on his behalf in a Federal criminal proceeding. Mr. Soler further alleged that respondent failed to do this. On March 12, 1997, the Committee forwarded this complaint to respondent at her office and received no response. On April 15, 1997, another letter was sent certified mail, return receipt requested, with no response.

On July 13, 1997, the Committee received a report, dated June 20, 1997, of an investigation conducted by the Grievance Committee for the United States District Court for the Southern District of New York, which described an investigation into a complaint made against respondent by Chief Judge Thomas P. Griesa. The complaint is based upon respondent's conduct in Mr. Soler's case. The Federal grievance against respondent alleges that she failed to timely file posttrial motions, as well as failed to communicate with her client. In addition, it is alleged that respondent made several deliberate misrepresentations to the court. The attorney assigned to investigate the complaint reported that he had made numerous unsuccessful efforts to contact respondent by telephone and letters.

To date, respondent has failed to submit an answer to Mr. Soler's complaint, nor has she made any attempt to contact the Committee or the Federal Grievance Committee.

On or about July 11, 1997, the Committee received a letter from a number of attorneys who share a suite of legal offices with respondent. The letter alleged that respondent had not been to her office in two months, had failed to make court appearances and had apparently abandoned her practice without any notice. In a subsequent affidavit, one of these attorneys offered a more detailed description of respondent's failure to attend to her law practice. She asserted that members of the judiciary, cocounsel, opposing counsel and disciplinary

authorities have been persistently trying to contact respondent to no avail. She also stated that respondent had missed filing deadlines and court conferences in a number of criminal cases. Between May and July of 1997, respondent failed to return over 140 phone messages concerning her cases.

It also appears that respondent's mother had commenced an involuntary commitment proceeding, having become concerned because respondent had not been out of her apartment for several weeks, had not communicated with anyone for approximately six weeks, was failing to pay her personal bills, and refused to speak with her parents. Respondent was found to be sufficiently competent and released.

Based upon the foregoing, the Committee maintains that respondent's failure to cooperate with the Committee in answering the Soler complaint, as well as the uncontested evidence that she engaged in professional misconduct by neglecting legal matters entrusted to her, are grounds for her immediate suspension pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii). An affidavit of service indicates that on July 28, 1997, a copy of the instant motion was taped to respondent's apartment door and was also mailed to the same address. There has been no response to the instant motion.

Respondent has utterly disregarded the complaint against her and has evaded all attempts by both the Committee and the Grievance Committee for the United States District Court for the Southern District to contact her. Respondent's conduct "evinces a shocking disregard for the judicial system, and can only be interpreted as a deliberate and willful attempt to impede the Committee's investigation." (*Matter of Gordon*, 142 AD2d 135, 137; *see also, Matter of Lubell*, 189 AD2d 187; *Matter of Valdes*, 160 AD2d 31.) Additionally, there is uncontroverted evidence that respondent has abandoned her law practice without notice or explanation to anyone.

The Committee further requests that this Court appoint a receiver pursuant to 22 NYCRR 603.13 (g). Staff counsel points out that respondent is court-appointed and retained counsel in numerous criminal cases that need to be inventoried, reviewed and reassigned. Polly N. Passonneau, Esq., who shared a suite with respondent, has agreed to serve in this capacity if the Court so orders.

Accordingly, the Committee's motion pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii) is granted and respondent is suspended from the practice of law, effective immediately, and until such time as disciplinary matters pending before the Committee

have been concluded, and until further order of this Court. Furthermore, inasmuch as respondent has completely abandoned her practice and unless her cases are immediately reassigned to other attorneys, her clients' interests cannot be protected, Polly N. Passonneau, Esq. is appointed pursuant to 22 NYCRR 603.13 (g) to inventory the files of respondent and take such actions as seem indicated to protect the interests of respondent's clients and respondent.

ROSENBERGER, J. P., WALLACH, MAZZARELLI, ANDRIAS and COLABELLA, JJ., concur.

Motion granted, and respondent suspended as an attorney and counselor-at-law in the State of New York, effective immediately, and until such time as the disciplinary matters pending before the Departmental Disciplinary Committee have been concluded, and until the further order of this Court, and a receiver is appointed to inventory the files of respondent and take such actions as seem indicated.