[680 NYS2d 221]

In the Matter of DOMENICK CRISPINO, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 10, 1998

### APPEARANCES OF COUNSEL

*Sherry K. Cohen* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Domenick Crispino was admitted to the practice

of law in the State of New York by the Second Judicial Department on July 27, 1988, and at all times relevant to this proceeding maintained an office for the practice of law within the First Judicial Department.

We previously suspended the respondent, by order entered October 16, 1997, for his failure to cooperate in an investigation by the Departmental Disciplinary Committee (DDC) concerning complaints filed by two clients. We vacated that order on December 11, 1997 (245 AD2d 115), without prejudice to renewal, on respondent's claim of improper service. DDC now moves again to suspend respondent for his failure to cooperate in investigations (22 NYCRR 603.4 [e] [1] [i]), as well as on the basis of admissions made under oath and uncontested evidence of misconduct (22 NYCRR 603.4 [e] [1] [ii], [iii]). In addition to the original two complaints, six additional complaints have been filed against respondent, alleging, variously: misappropriation of escrow funds, totaling approximately $110,000, belonging to several complainants; withholding attorneys' fees and the failure to disburse or even account for escrow funds used to secure a civil appeal bond; misrepresentation and neglect in connection with his failure to record an executed deed; additional neglect and failure to return documents in connection with another client; failure to pay monies owed to an attorney for services in connection with an employment relationship; and additional claims of neglect. In addition to these allegations by complainants, many of which were established by uncontested evidence, and an apparently forged satisfaction of judgment, the DDC, in its investigation, also received evidence that respondent, by associating with a person holding himself out to be an attorney who, in fact, was never admitted to the Bar, had aided and abetted the unauthorized practice of law.

During the course of its investigation, DDC granted numerous adjournments of scheduled depositions to respondent upon his request. In connection with certain adjournments, respondent failed to proffer a requested detailed physician's medical statement supporting respondent's explanation for his inability to appear. In connection with other adjournments, putatively to allow respondent to secure and provide requested records, upon finally appearing, he failed to produce the records. His testimony contained evasions and apparent misstatements in connection with specific allegations in the aforementioned complaints, and admissions establishing commingling and

conversion of client funds. Thereafter, respondent failed to appear for further depositions and, to all appearances, remains unavailable.

Respondent's conduct "evinces a shocking disregard for the judicial system, and can only be interpreted as a deliberate and willful attempt to impede the Committee's investigation" (*Matter of Gordon*, 142 AD2d 135, 137) warranting his immediate suspension from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) (i), (ii) and (iii).

SULLIVAN, J. P., ROSENBERGER, NARDELLI, WILLIAMS and TOM, JJ., concur.

Motion granted and respondent suspended from practice as an attorney and counselor-at-law in the State of New York, effective immediately, and until the further order of this Court.