[696 NYS2d 814]

In the Matter of ALAN L. WECHSLER (Admitted as ALAN LEWIS WECHSLER), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 21, 1999

**APPEARANCES OF COUNSEL**

*Sarah Jo Hamilton* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Gerald M. Labush* for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Alan L. Wechsler, admitted as Alan Lewis Wech-

sler, was admitted to the practice of law in New York by the First Judicial Department on December 22, 1964. At all times relevant to these proceedings, he maintained an office for the practice of law within the First Judicial Department.

Respondent has submitted his resignation pursuant to 22 NYCRR 603.11. The Departmental Disciplinary Committee (the Committee) now moves for an order pursuant to 22 NYCRR 603.11, accepting respondent's resignation and removing his name from the roll of attorneys admitted to practice law in the State of New York. The Committee further requests that the Court appoint a receiver of all client funds delivered to Wallman & Wechsler, which receiver will also co-sign any authorization to remove funds from the firm special account so that client funds are protected. Respondent agrees to this request.

Respondent's affidavit of resignation, dated July 9, 1999, fully conforms to the requirements of 22 NYCRR 603.11 (a). He acknowledges that he is aware of the pending investigations by the Departmental Disciplinary Committee into complaints filed against him and his former firm by eight former clients, and that if charges were predicated upon the misconduct under investigation, he could not successfully defend himself on the merits of such charges. The specific complaints concern allegations that respondent converted settlement funds and other assets due and owing to each of the clients. He further asserts that his resignation is freely and voluntarily tendered, that he has not been subjected to coercion or duress, and that he is fully aware of the implications of submitting his resignation.

Accordingly, the motion should be granted, respondent's resignation accepted and his name stricken from the roll of attorneys and counselors-at-law in the State of New York. Petitioner's request for appointment of a receiver should also be granted.

TOM, J. P., ANDRIAS, SAXE, BUCKLEY and FRIEDMAN, JJ., concur.

Respondent's resignation accepted, effective the date hereof, and receiver appointed, as indicated. (*See, Matter of Wallman,* 260 AD2d 148 [decided herewith].)