[696 NYS2d 164]

In the Matter of JAY A. WALLMAN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 21, 1999

## APPEARANCES OF COUNSEL

*Sarah Jo Hamilton* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Lawrence S. Goldman* of counsel (*Goldman & Hafetz,* attorneys), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Jay A. Wallman was admitted to the practice of law in New York by the Second Judicial Department on

December 23, 1964. At all times relevant to these proceedings, he maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee (the Committee) seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (iii) and (iv) immediately suspending respondent from the practice of law based upon uncontested evidence that respondent has engaged in professional misconduct and respondent's failure or refusal to pay money owed a client which debt is demonstrated by a judgment.

Section 603.4 (e) (1) permits the suspension of an attorney who is the subject of an investigation or misconduct charges upon uncontested evidence of professional misconduct (clause [iii]), or upon a failure to pay money owed a client which debt is demonstrated by an admission, a judgment, or other clear and convincing evidence (clause [iv]).

The uncontested evidence cited by the Committee to satisfy clause (iii) includes affidavits of clients of respondent's firm, stating that the firm has not paid them the proceeds of settlements which were deposited in the firm's special account; certain alleged admissions to third parties; and the adverse inference which may be drawn from respondent's invocation of the Fifth Amendment privilege against self-incrimination. As to clause (iv), it relies upon the judgments against respondent obtained by two of the complaining clients.

Although respondent asserts that he is controverting the foregoing evidence, he has submitted nothing of an evidentiary nature; rather, he has submitted only the affirmation of his counsel. In any event, the claims made therein do not suffice to controvert the Committee's showing.

Counsel points out that it was respondent's partner, Alan L. Wechsler, who took the affirmative actions converting the client funds, and that nothing in respondent's statements establishes that he himself converted any funds. As to the money judgment that one of the firm's former clients obtained against respondent individually, respondent's counsel argues that his failure to pay is not willful, since the evidence demonstrates that respondent is unable to pay at this time. However, the assertion that respondent's partner is solely responsible for converting the client funds does not suffice to exculpate respondent. As one of two partners, respondent should have been aware of how the firm escrow account was being handled, and is fully responsible for its misuse (*see, Matter of Gladstone*, 16 AD2d 512, 516).

The Committee also seeks appointment of a receiver over all client funds delivered to Wallman & Wechsler, which receiver will co-sign any authorization to remove any funds from the firm special account. We conclude that under the circumstances, this mechanism is necessary and appropriate. Although the firm has ceased doing business, Wechsler has submitted his resignation and respondent works for a different firm where he has no responsibility or authority over client funds, no written provision prevents respondent from receiving funds on behalf of clients of his former firm. Respondent's proposed stipulation not to handle client funds without notice to the Committee is insufficient to protect clients and would, in effect, force the Committee to monitor respondent's accounts.

Accordingly, the petition seeking an order pursuant to 22 NYCRR 603.4 (e) (1) (iii) and (iv) immediately suspending respondent from the practice of law until further order of this Court should be granted. The request for appointment of a receiver should also be granted.

TOM, J. P., ANDRIAS, SAXE, BUCKLEY and FRIEDMAN, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof and until the further order of this Court and receiver appointed, as indicated. (*See, Matter of Wechsler*, 260 AD2d 138 [decided herewith].)

# MEMORANDA

OF

*DECISIONS RENDERED DURING THIS PERIOD EMBRACED IN THIS VOLUME*