[731 NYS2d 458]

In the Matter of DAVID V. MURASKIN (Admitted as DAVID VAN MURASKIN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 25, 2001

### APPEARANCES OF COUNSEL

*Christine C. Anderson* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*David J. Goldstein* of counsel (*Goldstein, Weinstein & Fuld,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent David V. Muraskin was admitted to the practice of law in New York by the First Judicial Department on Febru-

ary 25, 1974, as David Van Muraskin. At all times relevant to these proceedings, he maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee (DDC) seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (iii) and (iv) immediately suspending respondent from the practice of law, based upon uncontested evidence that respondent has engaged in professional misconduct and respondent's failure or refusal to pay money owed a client which debt is demonstrated by a judgment. The DDC further seeks appointment of a receiver of client funds to act as cosignatory on respondent's firm's special account.

Section 603.4 (e) (1) permits the immediate suspension of an attorney who is the subject of an investigation or misconduct charges upon uncontested evidence of professional misconduct, upon a finding that the misconduct immediately threatens the public interest (subd [iii]), or upon a willful failure or refusal to pay money owed a client which debt is demonstrated by a judgment or other clear and convincing evidence (subd [iv]).

The uncontroverted showing offered by the DDC on this motion includes (1) the complaint by one of respondent's clients, indicating that respondent had defrauded him by representing that the amount of the settlement obtained in his case was $325,000, when the settlement amount was actually $725,000, and then paid over to him only $200,000; (2) the default judgment obtained by the client against respondent in the sum of approximately $742,123; and (3) the adverse inference which may be drawn from respondent's invocation of the Fifth Amendment privilege against self-incrimination at his deposition before the DDC.

The foregoing evidence of misconduct warrants the relief sought. Respondent's willingness to defraud clients for his own financial gain establishes the contemplated threat to the public interest (*see, Matter of Crispino*, 250 AD2d 24; *Matter of Chan*, 240 AD2d 92; *Matter of Goodman*, 229 AD2d 151; *Matter of Mulrow*, 226 AD2d 61; *Matter of Gallancy*, 219 AD2d 298). We need not rely upon the DDC's postmotion submission of a second client complaint, in which that second client similarly complained that respondent had fraudulently misrepresented to him the full amount of the settlement of his case and then converted a large portion of the settlement proceeds to his own use.

The branch of the application by the DDC seeking appointment of a receiver over respondent's client funds, to act as cosignatory on the firm's special account, is also granted. We conclude that under the circumstances, this mechanism is necessary and appropriate to protect clients and will serve to monitor respondent's accounts (*see, Matter of Wallman*, 260 AD2d 148; *Matter of Yaris*, 233 AD2d 91).

Accordingly, the motion seeking an order pursuant to 22 NYCRR 603.4 (e) (1) (iii) and (iv) immediately suspending respondent from the practice of law until further order of this Court should be granted, as should the request for appointment of a receiver.

WILLIAMS, J. P., TOM, MAZZARELLI, LERNER and SAXE, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until the further order of this Court, and receiver appointed, as indicated.