[777 NYS2d 89]

In the Matter of MICHAEL L. GOLDMAN (Admitted as MICHAEL LARRY GOLDMAN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 18, 2004

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill* (*Nicole Corrado* of counsel), for petitioner.
*Michael L. Goldman*, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent Michael L. Goldman was admitted to the practice of law in the State of New York by the Second Judicial Department on November 15, 1978. At all times relevant to this proceeding, he has maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee now seeks an order, pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii), immediately suspending respondent from the practice of law based upon his failure to comply with the Committee's investigation of various complaints against him and based upon uncontested evidence of misconduct.

The Committee is currently investigating six complaints against respondent: two sua sponte complaints, each based on his endorsement of a check or checks drafted from his IOLA account and returned for insufficient funds, one complaint involving a check in the amount of $3,433.45 on November 26, 2001, and the other involving checks in the amount of $2,800 on January 16, 2002 and $3,626.56 on January 17, 2002, a complaint alleging that respondent, at a real estate closing, had tendered a check to a title insurance company in the amount of $60,000 which was dishonored for insufficient funds, a complaint alleging neglect and failure to communicate with his client regarding legal matters pertaining to the represented action, a complaint alleging misappropriation of $5,000 in funds and failure to disburse and/or account for those funds and a complaint alleging misappropriation of $10,000 held in escrow for the benefit of the complainant's client and failure to disburse and/or account for those funds.

By letters dated March 8, 2002, the Committee notified respondent of its sua sponte complaints involving the two dishonored check matters and requested an answer relative to each as well as copies of bank records pertaining to his attorney special/trust/escrow account for the six months preceding the date of the letters of complaint. At the time the instant petition was filed, respondent had still not submitted an answer or furnished the requested bank records with respect to those matters and another dishonored check matter, despite having requested a number of extensions.

As to the complaint alleging the misappropriation of $5,000 in funds and failure to disburse and/or account for those funds, following the initial pleadings, the Committee requested that respondent submit various documents to aid its investigation. During the period April 2002 to April 2003, the Committee

wrote three letters requesting information and documentation regarding the disposition of a $4,898.89 check respondent received for his client's lost earnings. Respondent's response, by letter dated May 1, 2003, failed to explain why it was almost one year overdue and failed to include the requested documentation pertaining to the $4,898.89 check.

As to the complaint regarding the misappropriation of $10,000 held in escrow for the benefit of the complainant's client, respondent submitted his answer more than two months after it was due and has failed to comply with numerous requests and a subpoena for the production of bank records relevant to the matter. In addition, respondent has failed to submit escrow records to substantiate that the $10,000 held in his escrow account since 1998 has remained intact and, although he has sporadically provided some of the requested documents, he has failed to return numerous telephone calls relating to this matter.

A deposition of respondent, at which he was to produce bank records and other documents, was scheduled for July 10, 2003. Two days before the scheduled deposition date, respondent requested and was granted an adjournment to July 22, 2003. He was instructed to submit all the requested documents on or before July 18, 2003. On July 21, respondent requested another adjournment and the deposition was rescheduled for August 5, 2003, with the records to be submitted by July 25, 2003. Respondent failed to produce the records on that date or at any time prior to the August 5, 2003 deposition date. Respondent appeared on August 5, but without the requested records, and the deposition was conducted with respect to three of the pending complaints. The proceedings were adjourned until the Committee had reviewed the records pertaining to the dishonored check matters. Respondent was directed to produce bank and escrow records, including all monthly statements, all records of deposits and withdrawals, copies of canceled checks and all records of wire and/or computer generated transfers, from his J.P. Morgan Chase account from January 2002 to the present and from his Israel Discount Bank of New York account from September 2001 to the present. On or about August 8, 2003, the Committee subpoenaed the banking institutions for the required records.

On August 19, 2003, the final date by which respondent was to have produced the records, he informed the Committee that he needed more time and asked for an extension to September 3, 2003. The Committee granted the extension, stressing that it

was a "final extension" and that any subsequent requests must be made by application to the Appellate Division. Without any explanation, respondent failed to submit any bank or escrow records by the September 3, 2003 deadline. By letter dated September 8, 2003, respondent informed the Committee that he had been "out of town," that he had various medical problems and had medical appointments scheduled and that he "should have [the banking records] by the end of next week." The letter included some explanation and documentation as to one of the matters the Committee was investigating. Respondent failed to produce the banking records by the end of the following week, despite his assurance that he would do so.

A judicial subpoena duces tecum calling for production of the banking and escrow records, a written explanation for respondent's lack of cooperation with the Committee and respondent's personal appearance on October 29, 2003 was issued by this Court on October 10, 2003 and sent to respondent with a cover letter advising him that his failure to comply with the subpoena would result in a motion by the Committee for respondent's immediate suspension. Respondent's secretary accepted service of the subpoena on an investigator's third attempt to serve respondent at his office. A copy of the subpoena was also mailed to respondent's office. Respondent neither appeared on the scheduled date nor provided the requested records or explanation. After the Committee tried to reach him by telephone on that date, respondent telephoned the Committee and left a message that he was unaware of his scheduled appearance.

By letter dated October 31, 2003, the Committee advised respondent that he was in default of the subpoena and urged his immediate compliance in order to avoid a motion to suspend. Respondent did not respond.

According to an analysis of bank records subsequently received from the banking institutions, respondent's Israel Discount Bank escrow account contained negative balances on multiple dates.

In seeking respondent's immediate suspension, the Committee asserts that respondent has thwarted its investigation for many months despite many extensions and that his conduct, including ignoring the subpoena issued by this Court and the Committee's repeated directives seeking cooperation with the investigation, "evinces a shocking disregard for the judicial system, and can only be interpreted as a deliberate and willful attempt to impede the Committee's investigation" (*Matter of*

*Gordon*, 142 AD2d 135, 137 [1988]). The Committee further maintains that respondent's limited cooperation does not militate against that conclusion (*see Matter of Crispino*, 250 AD2d 24 [1998]). In addition, the Committee urges that there is other uncontested evidence of professional misconduct (22 NYCRR 603.4 [e] [1] [iii]).

Respondent, in opposing the motion,* notes that he appeared for a deposition and that he submitted certain files to the Committee. He contends that he was never served with the October 10, 2003 subpoena, which required the production of J.P. Morgan Chase and Israel Discount Bank records, and notes that the Israel Discount Bank records were obtained directly from the bank. He attaches the requested Chase records, "[t]o the extent that [he has them]" and asserts that he will obtain the missing records from Chase and provide them to the Committee. As to the dishonored check matters, respondent asserts that he "bounced them inadvertently." With respect to a complaint that respondent neglected a client's case, he asserts that his office was substituted by another office and "it wasn't our case anymore" and attributes the delay in the client's receipt of funds collected by respondent to the fact that she separated from her husband and moved from place to place. Referring to the negative balances in his Israel Discount Bank account, respondent offers, as an excuse for a balance below $10,000 when he was supposed to be holding that sum in escrow, the explanation that the bank was "inconveniently located," that no one complained and that a $13,250 deposit was made the following day.

Despite the many extensions offered to him, respondent has repeatedly thwarted the Committee's investigation, even now only partially responding to the Committee's requests for information. Notably, he has failed to explain a negative balance in his Israel Discount Bank account, failed to provide the complete records requested by the Committee and failed to comply with a court-ordered subpoena. Moreover, the bank records show that respondent has committed misconduct by mishandling or misappropriating client funds in violation of Code of Professional Responsibility DR 1-102 (a) (4) and DR 9-102 (a) and (b) (22 NYCRR 1200.3, 1200.46).

---

* Respondent's opposition papers, filed on January 29, 2004, were untimely. On January 27, 2004, the date the papers were due, respondent requested an extension, which was denied.

Accordingly, the Committee's motion, pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii), to suspend respondent from the practice of law should be granted, and respondent suspended from the practice of law, effective immediately, until such time as disciplinary proceedings have been concluded, and until further order of this Court.

BUCKLEY, P.J., NARDELLI, MAZZARELLI, SULLIVAN and LERNER, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.