[846 NYS2d 912]

In the Matter of CATHERINE M. CONRAD, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 18, 2007

## SUMMARY

[text redacted]

### APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Judith N. Stein* of counsel), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Catherine M. Conrad was admitted to the practice

of law in the State of New York by the Second Judicial Department on January 26, 2000, and at all times relevant to this proceeding has maintained an office for the practice of law within the First Department.

The Departmental Disciplinary Committee now seeks an order, pursuant to 22 NYCRR 603.4 (e) (1) (i), immediately suspending respondent from the practice of law based on her failure to cooperate with the Committee's investigation into two complaints alleging professional misconduct which threatens the public interest.

One of the complaints was brought by an attorney who appeared in an action in the United States District Court for the Eastern District of New York in which respondent represented an opposing party. This attorney alleged that respondent violated court orders and failed to appear as directed, ultimately resulting in the dismissal of the action. The second complaint was brought by an attorney who had hired respondent to appear and submit opposition to an order to show cause; he discovered thereafter that respondent had failed to do so, and as a result the application he had hired respondent to oppose was granted on consent.

Respondent has failed to date to respond to the Committee's requests for responses to these complaints, or to subpoenas thereafter served on her office.

This Court may suspend an attorney from the practice of law pending consideration of charges of professional misconduct upon a finding that she is "guilty of professional misconduct immediately threatening the public interest" (22 NYCRR 603.4 [e] [1]). Such a finding may be based upon "the attorney's default in responding to the petition or notice, or the attorney's failure to submit a written answer to pending charges of professional misconduct or to comply with any lawful demand of this court or the Departmental Disciplinary Committee made in connection with any investigation, hearing or disciplinary proceeding" (22 NYCRR 603.4 [e] [1] [i]). Respondent's failure to respond and to appear pursuant to subpoenas "evinces a shocking disregard for the judicial system, and can only be interpreted as a deliberate and willful attempt to impede the Committee's investigation" (*see Matter of Gordon*, 142 AD2d 135, 137 [1988]).

Accordingly, the Committee's motion should be granted and respondent suspended from the practice of law, effective immediately, until such time as disciplinary matters pending before

the Committee have been concluded and further order of this Court.

SAXE, J.P., FRIEDMAN, SWEENY, McGUIRE and MALONE, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.