OPINION OF THE COURT
Per Curiam.
Respondent Kehinde Oluwaranti Jobi was admitted to the practice of law in the State of New York by the First Judicial Department on November 20, 1995. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.
The Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603. 4 (e) (1) (i) and (iii) immediately suspending respondent from the practice of law until further order of the Court based upon her willful failure to cooperate with the Committee’s investigation into 11 complaints filed against her alleging professional misconduct and for other uncontested evidence of misconduct which threatens the public interest.
In support of its motion, the Committee states that respondent has failed to produce, among other things, her bank statements and tax returns for 2006 and 2007. The Committee explains that it specifically asked for her tax returns because the majority of payments from clients were in cash and many of the complaints against respondent involve funds turned over to her in immigration matters for the purpose of paying filing fees and making other disbursements on behalf of the clients. The Committee states that in several matters the filing fees were not paid and the payments were not reflected in the escrow account. Respondent has not produced her tax returns despite her repeated promises to do so. Indeed, respondent averred that she has hired a new accountant and her tax returns were to have been completed by June 27, 2008. To date, those returns have not been submitted to this Court.
The Committee submits that respondent has thwarted its investigation through false statements, constant delays, and outright noncooperation in everything from submitting documents to answering complaints, which can only be interpreted as a deliberate and willful attempt to impede the Committee’s investigation (Matter of Gordon, 142 AD2d 135 [1988]). In addition, the Committee contends that there is uncontested evidence that respondent has committed misconduct that threatens the public interest insofar as her bank records clearly show that while representing the seller in a failed real estate transaction, she converted the purchaser’s $21,250 down payment to her own use and to pay others. Respondent also used $5,600 *160 deposited with her to make a payment unrelated to the purpose of the deposit. The Committee further argues that it is still unknown when and to whom the $5,600 was disbursed. It is, however, known that the funds were not in respondent’s escrow account or used to pay a creditor as respondent averred in her affirmation. Thus, the Committee contends that respondent has misused, mishandled or misappropriated client funds in violation of Code of Professional Responsibility DR 9-102 (a) and (b) (22 NYCRR 1200.46), conduct which also constitutes dishonesty, fraud, deceit or misrepresentation in violation of DR 1-102 (a) (4) (22 NYCRR 1200.3). Such misappropriation has led this Court to temporarily suspend attorneys from the practice of law (see e.g. Matter of Holmes, 223 AD2d 197 [1996]; Matter of Gallancy, 219 AD2d 298 [1996]).
The Committee has amply demonstrated that respondent is guilty of misconduct threatening the public interest and should be immediately suspended. At the very least the bank records show that respondent has misused client funds held in escrow and, at worst, that she intentionally converted a down payment placed in escrow. While she initially failed to account for the withdrawals she made from her escrow account, she now disingenuously claims that she withdrew the client funds out of fear the escrow account would be garnished because of judgments against her. Notably, she does not say when or to where the missing funds were allegedly transferred and the bank records tell a different story. It has been two years since the real estate transaction fell through and the purchaser filed suit against the seller and respondent as escrow agent, and there is strong evidence that respondent has converted the escrow funds in dispute. This Court has not hesitated to suspend respondents based upon “uncontested” evidence of misconduct when the respondent’s papers fail to meaningfully controvert the evidence of misconduct against them (Matter of Taylor, 48 AD3d 138 [2007] [interim suspension ordered where, inter alia, attorney withdrew funds from guardianship account as legal fees without court permission and no tax returns filed for the estate during her three year tenure]; Matter of Newman, 35 AD3d 23 [2006] [interim suspension ordered where, inter alia, attorney could not account for at least $100,000 in escrow funds, failed to maintain proper escrow account records, unable to identify checks written to himself, and possible failure to promptly deliver funds to third party]; Matter of Goldman, 7 AD3d 18 [2004] [interim suspension ordered where escrow records *161 showed attorney mishandled or misappropriated client funds and only cooperated with the Departmental Disciplinary Committee on a limited basis]).
While respondent gave limited cooperation by providing some answers to complaints and attending two depositions, she otherwise failed to cooperate by repeatedly failing to produce her bank statements, some client files and, even now, despite repeated promises, the 2006 and 2007 tax returns which are particularly relevant to the Committee’s investigation (see Matter of Singer, 301 AD2d 336 [2002]; Matter of Goldman, 7 AD3d at 22). Lastly, the purported ledger produced by respondent is wholly inadequate since it is missing relevant information such as the source of deposits, the recipients of disbursements, and purposes for withdrawals, all of which the Committee specifically requested since the information cannot be culled from the subpoenaed bank statements. As respondent’s submissions are substantively lacking, immediate suspension is warranted.
Accordingly, the Committee’s motion pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii) to suspend respondent from the practice of law should be granted and respondent suspended from the practice of law, effective immediately, and until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.
Lippman, EJ., Andrias, Friedman, Renwick and DeGrasse, JJ., concur.
Respondent suspended from the practice of law, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.