[883 NYS2d 182]

In the Matter of LEOPOLD KAPLAN, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 30, 2009

## APPEARANCES OF COUNSEL

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Scott D. Smith* of counsel), for petitioner.

*Harold Samuel Herman* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Leopold Kaplan was admitted to the practice of law in the State of New York by the First Judicial Department on December 9, 1957. At all times relevant to these proceedings, respondent maintained an office for the practice of law within the First Judicial Department.

By order entered January 3, 2008 (*Matter of Kaplan*, 49 AD3d 107 [2008]), this Court suspended respondent, pursuant to 22 NYCRR 603.4 (e) (1) (i), (iii) and (iv), based upon his failure to cooperate with the Departmental Disciplinary Committee's investigation, uncontested evidence of professional misconduct, his willful failure or refusal to pay monies owed to a client, and his failure to register with the Office of Court Administration and to pay the required registration fee pursuant to Judiciary Law § 468-a.

The Committee now seeks a further order, pursuant to 22 NYCRR 603.16 (c) (1), suspending respondent from the practice of law based upon his physical and mental incapacity to participate in the pending disciplinary proceeding. The Committee also seeks vacatur of the prior order of suspension, asserting that, based upon the medical evidence presented, respondent is suffering from a physical and mental infirmity or illness which makes it impossible to adequately defend himself, and thus his suspension should be based upon his disability. Counsel for respondent has consented to the Committee's motion.

In support of its motion, the Committee avers that it had been advised by respondent's counsel that respondent, an 80-year-old practitioner, has continued to deteriorate both physically and mentally and thus would not be capable of participating in the disciplinary proceeding. The Committee received a copy of a June 11, 2008 neuropsychologist's evaluation of respondent, as well as a letter from his treating physician. Collectively, these documents demonstrate that respondent suffers from cerebral vascular disease, and that his level of mental function has declined since entry of the order of suspension, as reflected in memory loss, cognitive impairment and significant depression, thus making it impossible for him to defend himself in the pending proceedings.

In issuing the prior order of suspension, we noted that "[t]he Committee has presented clear, uncontested evidence of

respondent's professional misconduct which immediately threatens the public interest (*Matter of Ryans,* 37 AD3d 40 [2006])" (*Matter of Kaplan,* 49 AD3d at 111). We further noted that "his failure to challenge the allegations that he engaged in professional misconduct by neglecting legal matters (Code of Professional Responsibility DR 6-101[a] [3] [22 NYCRR 1200.30]) and failure to refund legal fees, except in one instance, (DR 2-110 [a] [3] [22 NYCRR 1200.15]) constitutes uncontested evidence of professional misconduct (22 NYCRR 603.4 [e] [1] [iii]). Additionally, his willful failure or refusal to pay money owed to a client, which debt is demonstrated by a judgment (*Matter of Muraskin,* 286 AD2d 186 [2001]) constitutes grounds for suspension (22 NYCRR 603.4 [e] [1] [iv])" (*id.* at 111-112).

While we are not unmindful of respondent's age and current physical and mental condition, the Committee has not submitted reasons nor precedent for its motion to vacate the prior order of suspension in toto.

This matter is factually indistinguishable from *Matter of Fusco* (18 AD3d 81 [2005]). There, as here, the respondent was initially suspended from practice on the basis of uncontested evidence of professional misconduct, as well as failure to cooperate with the Committee's investigation. Subsequent to that order, the respondent submitted evidence of physical and mental incapacity and the Committee sought a further order suspending respondent on those grounds.

We granted the motion and vacated that portion of the prior order which dealt with respondent's lack of cooperation with the Committee's investigation, based upon the medical evidence submitted to the Committee.

There is no reason to depart from that precedent in this case. The evidence of respondent's professional misconduct is uncontested and, while the evidence before us explains his inability to defend himself at these proceedings, it does not explain nor controvert the findings of professional misconduct alleged herein. There is no basis to disturb the suspension based upon professional misconduct on the record before us.

Accordingly, as respondent's physical and mental condition prevent him from adequately defending himself in these proceedings, the Committee's motion should be granted solely to the extent that the prior finding of noncooperation is vacated and respondent should be suspended from the practice of law in the State of New York for an indefinite period, until such time as he is physically and mentally able to participate in the

disciplinary proceeding against him, and until further order of this Court, effective nunc pro tunc to January 3, 2008.

GONZALEZ, J.P., TOM, SAXE, FRIEDMAN and SWEENY, JJ., concur.

Respondent suspended from the practice of law in the State of New York for an indefinite period until such time as he is physically and mentally able to participate in pending disciplinary proceedings against him and until further order of this Court, effective nunc pro tunc to January 3, 2008. So much of the opinion and order of this Court entered on January 3, 2008 (M-3773) incorporating a finding of noncooperation vacated.