[913 NYS2d 187]

In the Matter of CATHERINE M. CONRAD, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 9, 2010

**APPEARANCES OF COUNSEL**

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kevin E.F. O'Sullivan* of counsel), for petitioner.

*Victor M. Serby,* for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Catherine M. Conrad was admitted to the practice of law in the State of New York by the Second Judicial Department on January 26, 2000, and, at all times relevant to this proceeding, has maintained an office for the practice of law within the First Judicial Department.

In a previous order dated December 18, 2007 (48 AD3d 187), this Court suspended respondent from the practice of law for failure to respond to requests made by the Departmental Disciplinary Committee pursuant to its investigation of two complaints made against her (22 NYCRR 603.4 [e] [1] [i]). After receiving a response by respondent six months later seeking an opportunity to respond to the complaints, the Committee conducted an investigation. Based upon respondent's admitted problem with alcohol dependency, which she acknowledged was connected to her failure to cooperate and the underlying conduct, the Committee obtained a psychiatric evaluation of respondent in November 2009, and a subsequent reevaluation in May 2010. The psychiatrist determined that respondent's prognosis is good, but did not go as far as to assert that she is now fit to recommence the practice of law.

The Departmental Disciplinary Committee now moves for an order suspending respondent from the practice of law on the ground that she suffers from a "disability by reason of physical or mental infirmity or illness" (22 NYCRR 603.16 [c] [1]). In her cross motion respondent seeks to convert the current suspension to a medical suspension nunc pro tunc, but further seeks an order vacating the suspension and reinstating her to the practice of law, due to her year-long sobriety.

The Committee's motion, and the first branch of respondent's cross motion, are granted to the extent that the prior finding of noncooperation is vacated and an order of suspension based upon the attorney's medical disability is granted nunc pro tunc (*see Matter of Kaplan,* 65 AD3d 287 [2009]; *Matter of Fusco,* 18 AD3d 81 [2005]).

However, that branch of respondent's cross motion seeking immediate reinstatement is denied at this time. The cross motion itself concedes the existence of the alcohol dependence rendering her unfit to practice law; additionally, she acknowledged during her deposition that her failure to cooperate and

her underlying conduct was related to alcohol dependency. To support her cross motion, respondent implies that the examining psychiatrist failed to satisfy an obligation to establish that she continues to be unfit to resume her practice. However, to be entitled to reinstatement, since the initial infirmity has been conceded, it is respondent who must prove her fitness to be reinstated (*see* 22 NYCRR 603.16 [f]), and that burden is not satisfied here by her own self-assessment (*see Matter of Stewart*, 47 AD3d 43 [2007]). The branch of respondent's cross motion seeking reinstatement to the practice of law therefore must be denied at this time, without prejudice to a further application, supported by an evaluation by a mental health provider attesting to her current fitness to recommence the practice of law (*see Matter of Supino*, 23 AD3d 11, 14 [2005]).

Accordingly, the Committee's motion and respondent's cross motion should be granted to the extent that the prior order's finding of noncooperation is vacated, and respondent is suspended from the practice of law for an indefinite period until further order of this Court, nunc pro tunc to December 18, 2007, and the branch of respondent's cross motion seeking reinstatement to the practice of law should be denied without prejudice to a further motion for the same relief, supported by an expert's evaluation attesting to her present fitness to practice law.

SAXE, J.P., FRIEDMAN, SWEENY, NARDELLI and McGUIRE, JJ., concur.

Respondent suspended from the practice of law in the State of New York for an indefinite period until further order of this Court, effective nunc pro tunc to December 18, 2007. Cross motion denied, without prejudice to a further motion, as indicated. So much of the opinion per curiam and order of this Court entered on December 18, 2007 (2007 NY Slip Op 86762[U]) incorporating a finding of noncooperation is vacated, as indicated.