Matter of Soloway (2022 NY Slip Op 00727)





Matter of Soloway


2022 NY Slip Op 00727


Decided on February 03, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 03, 2022
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Dianne T. Renwick,J.P.,
Cynthia S. Kern
Jeffrey K. Oing
Peter H. Moulton
Manuel J. Mendez, JJ.


Motion No. 2021-03080 Case No. 2021-02689 

[*1]In the Matter of Lavi S. Soloway (Admitted as Lavi Sholem Soloway), a Suspended Attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Lavi S. Soloway, (OCA ATTY. REG. NO. 2502516.), Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on September 21, 1992.




Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Yvette A. Rosario, of counsel), for petitioner.
Robert J. Tolchin, Esq., for respondent.



Per Curiam 


Respondent Lavi S. Soloway was admitted to the practice of law in the State of New York by the First Judicial Department on September 21, 1992, under the name Lavi Sholem Soloway. Respondent's last registered address is in California, where he resides.
By motion dated June 16, 2021, the Attorney Grievance Committee (AGC) moved for respondent's immediate suspension from the practice of law pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9(a) (1) and (3) based on his failure to answer two complaints and to appear for a deposition as directed by judicial subpoena.
The first complaint was filed in January 2020, alleging that respondent had mishandled a client's immigration matter by giving her incorrect instructions regarding an August 2012 court date resulting in a removal order entered against her in absentia, and by failing to file for her work permit. Although respondent filed a last-minute motion to reopen the case, the court denied the motion because it was evidentiarily insufficient, noting the absence of an affidavit from the client concerning her nonappearance.
The second complainant alleged that he retained respondent to handle his mother's immigration matter (an application for a "green card" for which this former client was the sponsoring relative) and after respondent notified him that the U.S. Citizenship and Immigration Service (USCIS) had requested additional documentation, he provided respondent with it. Respondent then confirmed that the documents would soon be submitted and everything was on track. Approximately six months later, in June 2020, the client emailed and called respondent for a status update but received no response. He then contacted USCIS which informed him that they never received any of the requested documentation. In the July 2020 complaint, the client alleged further that respondent did not respond to his multiple attempts to reach him via emails, telephone calls and voicemails; that respondent's negligence will likely result in denial of his mother's application; and that respondent still had the originals of the requested documents which the client desperately needed back.
Respondent pro se defaulted on the interim suspension motion, and by order entered August 26, 2021, this Court immediately suspended him based upon his failure to cooperate.
In September 2021, respondent's counsel appeared in this case initially requesting a post-suspension hearing pursuant to 22 NYCRR 1240.9(c), however, following conversations with AGC staff, he asked for his hearing request to be held in abeyance pending respondent filing a motion to convert this matter to a medical suspension pursuant to 22 NYCRR 1240.14(b). The motion was adjourned to give counsel time to obtain the necessary medical documentation in support.
Now, respondent seeks an order: a) pursuant to 22 NYCRR 1240.14(b), [*2]determining that he is incapacitated, converting his August 26, 2021 suspension from the practice of law for failure to respond to inquiries from the AGC to a suspension due to disability, and vacating or modifying the August 26, 2021 order to the extent necessary to affect such conversion; and b) pursuant to 22 NYCRR 1240.14(b), staying the pending proceeding and investigation.
In support, counsel has submitted an affirmation explaining that at the time the suspension order was entered, neither this Court nor the AGC knew, or could have known, that respondent was suffering from an incapacity, and that such incapacity was both the reason for the conduct that was the subject of the grievances and for his failure to respond to the AGC's inquiries.
By affidavit, respondent's treating psychiatrist avers that respondent is being treated for several disorders, which have left him "psychologically unable to complete professional tasks" as an attorney. Importantly, the psychiatrist notes that respondent has complied with all treatment recommendations. He reports that respondent has made "significant progress," that he is very motivated to recover, and that while he is not yet ready to return to work as a lawyer, it is anticipated that he will ultimately recover sufficiently to resume practicing law.
Counsel urges that based upon the above circumstances it would be appropriate to convert this matter to a suspension on the ground of respondent's disability. Counsel further urges that because respondent is presently incapacitated and unable to effectively participate in a disciplinary proceeding, the pending disciplinary proceeding and investigation should be stayed, as provided for in 22 NYCRR 1240.14(b). Counsel concludes that proceeding in the manner requested herein "is not only in keeping with the applicable regulations, it is also the humane and just path forward."
In reply, the AGC does not oppose the relief requested and confirms that it was unaware of respondent's condition when it sought his interim suspension; and that the supporting documentation detailing respondent's illness is in compliance with 22 NYCRR 1240.14(b).
Based upon respondent's admitted health issues, which are connected to his failure to cooperate with the AGC's investigation and may be related to the misconduct complained of, and the medical evidence presented, we convert respondent's interim suspension to one based upon his current disability and stay the pending proceeding against him (see Matter of Conrad, 80 AD3d 168 [1st Dept 2010]; Matter of Kaplan, 65 AD3d 287 [1st Dept 2009]; Matter of Fusco, 18 AD3d 81 [1st Dept 2005]).
Accordingly, the respondent's motion should be granted to the extent of vacating the finding of noncooperation set forth in the Per Curiam entered on August 26, 2021 (M-2474); and respondent is suspended from the practice of law in the State of New York, pursuant to 22 NYCRR 1240.14(b), due to his incapacity for an indefinite period of time, until [*3]further order of this Court, effective nunc pro tunc to August 26, 2021.
All concur.
It is Ordered that respondent's motion is granted to the extent that so much of the Per Curiam opinion and order of this Court entered on August 26, 2021 (M-2474), incorporating a finding of noncooperation is vacated, and respondent Lavi S. Soloway, admitted as Lavi Sholem Soloway, is suspended from the practice of law in the State of New York, pursuant to 22 NYCRR 1240.14(b) by reason of physical or mental incapacity, for an indefinite period of time, until further order of this Court, effective nunc pro tunc to August 26, 2021, and the disciplinary proceeding is stayed, and
It is further Ordered that, pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, respondent Lavi S. Soloway, admitted as Lavi Sholem Soloway, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that respondent Lavi S. Soloway, admitted as Lavi Sholem Soloway, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent Lavi S. Soloway, admitted as Lavi Sholem Soloway, has been issued a secure pass by the Office of Court Administration, it shall be returned to the issuing agency.
Entered: February 3, 2022