In the Matter of Ross S. FRANKEL (Admitted as ROSS SPENCER FRANKEL), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 15, 1993

### APPEARANCES OF COUNSEL

*Rosemary F. Palladino* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Ross Spencer Frankel was admitted to the

practice of law by the First Judicial Department on January 17, 1983.

On April 28, 1992, in connection with his involvement with an insider trading scheme, respondent was convicted, after trial, in the United States District Court for the Southern District of New York of conspiracy, in violation of 18 USC § 371; securities fraud, in violation of 15 USC § 78j (b) and § 78ff; mail fraud, in violation of 18 USC § 1341; perjury, in violation of 18 USC § 1621 and two counts of obstruction of justice, in violation of 18 USC § 1505, and was sentenced to 18 months on each count, to run concurrently. Respondent was also fined $5,000 on the perjury count and on one of the obstruction of justice counts, and assessed $50 on each of the six counts.

Based on respondent's conviction for the Federal felony of perjury, petitioner Departmental Disciplinary Committee seeks an order striking his name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b), upon the ground that respondent has been automatically disbarred upon his conviction of a felony as defined by Judiciary Law § 90 (4) (e). While petitioner, citing *Matter of Sherr* (93 AD2d 686) and *Matter of Mitchell* (48 AD2d 410, *affd* 40 NY2d 153), claims that perjury in the second degree (Penal Law § 210.10) is "essentially similar" to 18 USC § 1621, thereby calling for an automatic disbarment of respondent, Penal Law § 210.10 applies only to false written statements, and in this instance respondent was convicted of giving false oral testimony (18 USC § 1621 [1]). Penal Law § 210.15, perjury in the first degree, a class D felony, however, applies to a false statement which "consists of testimony". This crime, which more accurately describes respondent's misconduct, is "essentially similar" to 18 USC § 1621 (1). Therefore, the crime of which respondent was convicted is a felony under New York law.

Accordingly, petitioner's motion should be granted and his name should be stricken from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (b), forthwith.

SULLIVAN, J. P., MILONAS, ROSENBERGER, WALLACH and Ross, JJ., concur.

Petition granted and respondent's name directed to be struck from the roll of attorneys and counselors-at-law in the State of New York, effective April 15, 1993.