[686 NYS2d 47]

In the Matter of RICHARD RODWIN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 4, 1999

### APPEARANCES OF COUNSEL

*Naomi F. Goldstein* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Anthony E. Davis* of counsel (*Fox Horan & Camerini, L. L. P.,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Richard Rodwin was admitted to the practice of law in New York by the First Judicial Department on December

5, 1955 and at all relevant times has maintained an office for the practice of law within this Department.

The Departmental Disciplinary Committee seeks an order, pursuant to 22 NYCRR 603.4 (e) (1) (iii), immediately suspending respondent from the practice of law on the basis of uncontroverted evidence of serious professional misconduct.

On or about December 17, 1997, a complaint against respondent was filed with the Committee alleging that respondent, who had a general power of attorney from a client to control funds in her brokerage account, take loans out in her name and write checks from her checking accounts, had, between 1987 and 1997, withdrawn approximately $1,150,000 from the client's checking account without her knowledge or authority. In addition, during 1986, funds totaling $260,000 were taken from the client's brokerage account but were never deposited into any of the client's other accounts. Thereafter, in May 1998, the New York County District Attorney's office, which is conducting a parallel criminal investigation into respondent's handling of the client's accounts, forwarded to the Committee an affidavit of the client setting forth further misconduct by respondent with respect to his unauthorized sale, between June 1995 and February 1996, of 1,600 shares of General Electric stock held in the client's brokerage account. The affidavit, which was supported by the relevant brokerage account statements, stated that respondent admitted that he had sold the stock and concealed the sale by depositing into the client's bank account, at the appropriate times, amounts equal to dividends due on the stock.

The Committee sent respondent's counsel a copy of the affidavit and advised him that the allegations, if uncontested, warrant respondent's immediate suspension pursuant to 22 NYCRR 603.4 (e) (1), which provides, in pertinent part, that "[a]n attorney who is the subject of an investigation, or of charges by the Departmental Disciplinary Committee of professional misconduct * * * may be suspended from the practice of law, pending consideration of the charges against the attorney, upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest." Such a finding may be based on "uncontested evidence of professional misconduct." (22 NYCRR 603.4 [e] [1] [iii].)

Respondent has not submitted a written answer and, at a deposition in November 1998, asserted his Fifth Amendment privilege against self-incrimination with respect to all questions related to the disciplinary complaint.

This motion followed. Citing, *inter alia*, certain health considerations and his intention to contest the pending criminal charges, respondent asserts that it would be unfair to draw adverse inferences from his failure to respond to the disciplinary charges and requests that the Court delay determination of the motion until he can respond to the criminal charges and attend to his medical needs. In view of the uncontroverted evidence that respondent has intentionally converted client funds, in violation of Code of Professional Responsibility DR 1-102 (A) (4) and DR 9-102 (B) (22 NYCRR 1200.3, 1200.46), respondent's immediate suspension is necessary to protect the public interest.

Accordingly, the Committee's motion should be granted and respondent should be immediately suspended pursuant to 22 NYCRR 603.4 (e) (1) (iii).

SULLIVAN, J. P., NARDELLI, WALLACH, RUBIN and MAZZARELLI, JJ., concur.

Motion granted, and respondent suspended from the practice of law in the State of New York, effective immediately, and until the further order of this Court.