[698 NYS2d 222]

In the Matter of HARTLEY T. BERNSTEIN (Admitted as HARTLEY TODD BERNSTEIN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 16, 1999

### APPEARANCES OF COUNSEL

*Jacqueline M. Fitzgerald* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Hartley T. Bernstein, was admitted to the

practice of law in the State of New York by the Second Judicial Department on March 2, 1977 as Hartley Todd Bernstein. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b).

A criminal information was filed against respondent in the United States District Court for the Southern District of New York charging him with conspiracy to commit securities fraud, in violation of 15 USC § 78j (b); § 78ff and 17 CFR 240.10b-5; conspiracy to cause false and misleading statements as to material facts to be made in registration statements required to be filed with the SEC, in violation of 15 USC §§ 77f, 77g and 77x; conspiracy to commit mail fraud, in violation of 18 USC § 1341; conspiracy to commit wire fraud, in violation of 18 USC § 1343; and, perjury in violation of 18 USC § 1621. On May 27, 1999, respondent pleaded guilty to all three counts of the criminal information. Respondent is to be sentenced on January 10, 2000.

Counts one and two, to which respondent pleaded guilty, concerned respondent's conspiracy with others to engage in schemes to commit securities fraud. In the course of the SEC's investigation, respondent testified falsely in a deposition before the SEC which perjury respondent admitted in pleading guilty to count three. Automatic disbarment under Judiciary Law § 90 (4) (b) is appropriate since the Federal felony of perjury, in violation of 18 USC § 1621 is essentially similar to the New York felony of perjury in the first degree (Penal Law § 210.15; see Matter of Frankel, 189 AD2d 261). As respondent ceased to be an attorney upon his Federal conviction, the petition to strike respondent's name from the roll of attorneys should be granted.

Tom, J. P., Andrias, Saxe, Buckley and Friedman, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, as indicated.