[705 NYS2d 50]

In the Matter of Louis M. ROHRBERG, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 28, 2000

### APPEARANCES OF COUNSEL

*Vitaly Lipkansky* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Louis M. Rohrberg, was admitted to the practice

of law in the State of New York by the Second Judicial Department on May 24, 1978. At all times relevant to this proceeding, until May 1999, respondent maintained an office for the practice of law within the First Judicial Department, and maintained an escrow account and a business account at European American Bank (EAB), located at 495 Park Avenue South, New York, New York.

The Departmental Disciplinary Committee (the Committee) seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii), immediately suspending respondent from the practice of law until further order of the Court, due to his willful failure to cooperate with this Committee in its investigation and based upon uncontested evidence of professional misconduct. The Committee's motion was served by first class certified mail to respondent's home address on December 28, 1999. To date, respondent has not interposed a response to this motion.

On February 3, 1999, Frank Liwall, president of The Royalty Network, filed a complaint with the Committee, alleging that respondent, who was hired by Royalty to file a copyright infringement action against a record label for their failure to properly pay mechanical royalties, successfully collected $4,325 from the record label but failed to release the funds upon repeated requests. By a letter dated February 24, 1999, the Committee sent a copy of the complaint to respondent and directed him to submit a written response thereto. After respondent failed to answer, a second letter was sent on April 20, 1999, return receipt requested. Although the return receipt was received by the Committee (with an illegible signature), respondent still failed to answer or otherwise contact the Committee.

Subsequently, between May 26, 1999 and the service of the Committee's motion, despite numerous notices, demands and warnings from the Committee, respondent never answered his client's complaint and willfully failed to cooperate with the Committee's efforts to investigate the complaint by, among other things, engaging in evasive behavior at a deposition, providing false testimony,* and providing an invalid escrow account number in response to a subpoena of his bank records.

---

* Respondent testified that the matter against the record label, Metropolis, was still pending and had been taken over by his former associate in May or June 1999, when, in fact, it had been dismissed in March 1999 due to his failure to serve Metropolis with the complaint. Furthermore, an October 28, 1998 letter from Mr. Liwall to respondent advised respondent that all disputes between the parties had, in fact, been resolved.

After the Committee obtained a copy of the $4,325 check from the record label, Metropolis, on September 7, 1999, and, pursuant to a court-ordered subpoena, obtained EAB bank statements from respondent's escrow and business accounts for the period from August 1998 through July 1999, it was revealed that the check at issue was deposited into respondent's *business* account on September 10, 1998, and that the balance in this account fell to $1,831.90 the following day; and that the ending balance for October 1998 was negative $146.12. The records also showed that there were no deposits into respondent's escrow account from August 1998 until June 1999, and that the balance in this account was below $4,325 from September 1998 through May 1999, and in July 1999, and that the balance was negative from March 1999 through May 1999.

On the basis of respondent's noncooperation with the Committee's investigation and because there is uncontested evidence that he has engaged in serious professional misconduct that immediately threatens the public interest, he should be suspended immediately. The uncontested documentary evidence submitted by the Committee clearly shows that respondent commingled Royalty's settlement funds with his own funds and then misappropriated all of the funds in violation of Code of Professional Responsibility DR 9-102 (a) and (b) (22 NYCRR 1200.46); and that he also violated DR 1-102 (a) (4), (5) and (7) (22 NYCRR 1200.3), by his false testimony during his deposition in order to conceal this misappropriation from the Committee. Lastly, respondent's failure to remit the funds to his client upon request, pursuant to DR 9-102 (c) (4), provides an additional basis for his suspension.

Accordingly, the Committee's motion should be granted and respondent be suspended from the practice of law effectively immediately, and until such time as the disciplinary matters pending before the Committee have been concluded, and until further order of this Court.

WILLIAMS, J. P., TOM, MAZZARELLI, SAXE and FRIEDMAN, JJ., concur.

Motion granted and respondent suspended from the practice of law in the State of New York, effective the date hereof, as indicated.