[808 NYS2d 667]

In the Matter of DAVID A. APPELL (Admitted as DAVID AARON APPELL), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 24, 2006

### APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent David A. Appell was admitted to the practice of

law in the State of New York by the First Judicial Department on January 14, 1991. At all times relevant to the charges, he maintained his principal place of business in Manhattan. Currently, respondent maintains his principal place of business in Blauvelt, New York.

On October 12, 2004, respondent pleaded guilty to an indictment filed in the United States District Court for the Southern District of New York, which charged him with perjury in violation of 18 USC § 1621, a felony, as a result of his false sworn testimony before the Securities and Exchange Commission in November 2002.

Also on October 12, 2004, respondent pleaded guilty to all six counts of an information filed in the United States District Court for the Southern District of New York, which charged him with: conspiracy to commit securities fraud, mail fraud and wire fraud (count 1), in violation of 15 USC § 77q (a) and § 77x and 18 USC §§ 1341, 1343 and 371; securities fraud (count 2), in violation of 15 USC § 77q (a) and § 77x and 18 USC § 2; wire fraud (count 3), in violation of 18 USC §§ 1343 and 2; conspiracy to commit securities fraud, wire fraud and commercial bribery (count 4 and 5), in violation of 15 USC § 78j (b) and § 78ff and 18 USC §§ 1343, 1346, 1952 (a) (3) and § 371; and conspiracy to commit securities fraud, mail fraud and wire fraud (count 6), in violation of 15 USC § 78j (b) and § 78ff and 18 USC §§ 1341, 1343 and 371. The information was the result of an FBI sting operation which targeted fraud in foreign currency trading. The information alleged that, among other things, beginning in 1999, respondent, who held executive positions in several corporations, made false statements and material omissions to investors while attempting to raise capital to finance several different schemes. In addition, respondent paid secret bribes to securities brokers and artificially manipulated corporation stock.*

The Departmental Disciplinary Committee now seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b), on the ground that the federal criminal offense he pleaded guilty to, namely, perjury, if committed in New York, would be a felony and thus, is a proper predicate for automatic disbarment (Judiciary Law § 90 [4] [e]; see *Matter of Kim*, 209 AD2d 127 [1995]).

---

\* The information also included a forfeiture allegation directing respondent to forfeit a sum of money equal to $785,000, representing the amount of proceeds obtained as a result of his criminal offenses.

Although respondent's counsel was served with this petition, he has not submitted a response.

Grounds for automatic disbarment are shown in those cases where an attorney is convicted of a federal felony which would constitute a New York felony (Judiciary Law § 90 [4] [b], [e]), even if the foreign felony is not a "mirror image" of the New York statute (*Matter of Margiotta*, 60 NY2d 147, 150 [1983]). We have previously held that a conviction for perjury under 18 USC § 1621 is "essentially similar" to the New York felony of perjury in the first degree (Penal Law § 210.15; *see Matter of Bernstein*, 263 AD2d 100, 101 [1999]; *Matter of Frankel*, 189 AD2d 261 [1993]). Furthermore, respondent's securities fraud conviction under 15 USC § 78j (b) has also been held to be a proper predicate for automatic disbarment as it is "essentially similar" to the felony of fraudulent securities transactions in violation of General Business Law § 352-c (5) and (6) (*see Matter of Marks*, 4 AD3d 11, 12 [2004]).

Accordingly, upon his felony conviction, respondent ceased to be an attorney authorized to practice law in this state (*Matter of David*, 145 AD2d 150 [1989]). As a result, the Committee's petition to strike respondent's name from the roll of attorneys and counselors-at-law should be granted pursuant to Judiciary Law § 90 (4) (b), effective nunc pro tunc to October 12, 2004.

BUCKLEY, P.J., TOM, SAXE, GONZALEZ and MALONE, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to October 12, 2004.