[842 NYS2d 354]

In the Matter of Myron F. Olesnyckyj, an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, July 12, 2007

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond J. Vallejo* of counsel), for petitioner.

*Morgan Lewis & Bockius, LLP* (*Leslie R. Caldwell* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Myron F. Olesnyckyj was admitted to the practice of law in the State of New York by the First Judicial Department on March 23, 1987. Respondent was also admitted to practice law in New Jersey in 1986. At all times relevant to this proceeding, respondent has maintained his principal place of business within the First Judicial Department.

On February 15, 2007, respondent pleaded guilty to an information filed in the United States District Court for the Southern District of New York charging him with securities fraud in violation of 15 USC § 78j (b) and § 78ff, and conspiracy to commit securities fraud, make false statements in annual and quarterly SEC reports, falsify books and records, and make false statements to auditors, in violation of 18 USC § 371, which crimes are felonies under the United States Code. Respondent admitted that, as former general counsel of Monster Worldwide, Inc. between 1996 and 2006, he conspired with other senior executives to backdate millions of dollars worth of employee stock option grants, and that he knew at the time that what he was doing was wrong. As part of his plea, respondent agreed to forfeit $381,000, the proceeds from his illegal activities; he is scheduled to be sentenced on August 24, 2007.

Respondent now seeks an order permitting him to resign from the bar. The Departmental Disciplinary Committee cross moves for an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b), on the ground that his conviction for securities fraud is a proper predicate for automatic disbarment under Judiciary Law § 90 (4) (e) (*see Matter of Appell*, 27 AD3d 81 [2006]; *Matter of Novich*, 285 AD2d 136 [2001]).

The crime of securities fraud under 15 USC § 78j (b) and § 78ff is "essentially similar" to the New York felony of fraudulent securities transactions under General Business Law § 352-c (5) and (6), and therefore is a proper predicate for automatic disbarment pursuant to Judiciary Law § 90 (4) (b) (*see Matter of Appell*, 27 AD3d 81 [2006]; *Matter of Marks*, 4 AD3d 11 [2004]; *Matter of Novich*, 285 AD2d 136 [2001]; *Matter of David*, 145 AD2d 150 [1989]). Insofar as respondent argues that the backdating of stock options might not necessarily involve the

exploitation or deceit of the public, or the inducement or promotion of the sale or purchase of securities, his plea allocution established that he intended to defraud the public in connection with the purchase and sale of Monster Worldwide, Inc. securities.

Respondent ceased to be an attorney upon his conviction (Judiciary Law § 90 [4] [a]), and therefore his purported resignation, tendered on the eve of his plea, cannot be accepted (*see Matter of Kourland*, 172 AD2d 77, 79 [1991]; *Matter of Swirsky*, 103 AD2d 195 [1984]).

Accordingly, respondent's motion to permit him to resign from the bar should be denied, and the Committee's cross motion to strike respondent's name from the roll of attorneys and counselors-at-law should be granted, effective nunc pro tunc to February 15, 2007.

TOM, J.P., ANDRIAS, BUCKLEY, GONZALEZ and MALONE, JJ., concur.

Motion to accept respondent's affidavit of resignation denied; respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law, nunc pro tunc to February 15, 2007.