[842 NYS2d 423]

In the Matter of IRA L. BERMAN (Admitted as IRA LEWIS BER-MAN), an Attorney, Respondent. DEPARTMENTAL DISCIPLIN-ARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, September 25, 2007

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Vitaly Lipkansky* of counsel), for petitioner.

*Michael S. Ross* for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Ira L. Berman was admitted to the practice of law in the State of New York by the Second Judicial Department on December 14, 1966 and, at all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.

The Department Disciplinary Committee now seeks an order, pursuant to 22 NYCRR 603.4 (e) (1) (iii), immediately suspending respondent from the practice of law until further order of the Court based upon uncontested evidence of respondent's professional misconduct which threatens the public interest, and appointing a receiver to act as cosignatory on respondent's escrow account. Respondent, through counsel, has declined to oppose the Committee's motion.

Initially, the Committee received a complaint involving a real estate transaction in which the sellers of a cooperative apartment alleged that respondent was the attorney for the purchasers and it was agreed by the parties to the transaction that respondent would act as the escrow agent and hold the down payment. The contract was signed on August 14, 2006, at which time respondent deposited the $51,500 down payment into his escrow account, and the closing was scheduled for October 19, 2006. On the day prior to the closing, however, an associate in respondent's firm sent an e-mail to the complainant, which stated "please note that for reasons out of my control and which I cannot discuss, tomorrow's closing has been cancelled." The associate, in a later interview with the Committee, explained that respondent had instructed that all of the firm's closings were to be cancelled because the escrow account was overdrawn.

A Committee investigator, on or about November 13, 2006, contacted respondent by telephone regarding the seller's complaint. Respondent agreed to provide the Committee with copies of bank statements from his escrow account from August 1 through October 31, 2006. Respondent, however, failed to provide those statements, as promised, by December 28, 2006, prompting the Committee to write the respondent giving him 10 days to provide the requisite records. When that deadline passed, the Committee telephoned respondent on January 22, 2007, noted his failure to produce despite two prior requests, and instructed him to provide the bank records as well as up-to-

date bank statements for his escrow and other special accounts from August 1, 2006. Respondent complied, and also submitted bank statements from September and October 2006 for his investment account.

A review of the escrow account records revealed that the closing in question did not take place because, prior to the closing, the account balance had dropped below what was required for the closing. Moreover, between October 13 and 26, 2006, the escrow account had a negative balance of $22,087.29. As a result, the Committee, in a letter dated January 30, 2007, demanded a formal answer to the seller's complaint within 20 days; requested respondent explain the escrow account shortfalls and evident misappropriation, as well as to provide a complete accounting of all escrow funds for the relevant time period; and warned respondent that his unexcused failure to answer the letter would constitute professional misconduct subjecting him to discipline. The Committee also obtained a subpoena duces tecum from this Court for records from respondent's escrow and investment accounts for the more extended period of January 1 to December 31, 2006.

The Committee received the subpoenaed records in February 2007, and an audit performed by an investigative accountant made it clear that the balance in the escrow account was negative on multiple occasions and, on November 20, 2006, was at its lowest point with a balance of negative $218,869.37. The audit further revealed that respondent transferred more than $66 million from his escrow account into his investment account, and transferred in excess of $70 million from the investment account into the escrow account during the period from January 1 to December 31, 2006.

Respondent's counsel, on March 6, 2007, informed the Committee that respondent declined to answer the Committee's January 30 letter which requested, among other things, an answer to the complaint. The Committee then obtained a subpoena, on March 8, 2007, requiring respondent to submit responses to the Committee's communications of January 22 and 30, 2007, to identify the client matters, deposits and disbursements listed in the Committee's accounting spreadsheet, and to appear for a deposition on March 26, 2007. In response, respondent submitted an affidavit wherein he averred that he had no documents in his possession or control which were responsive to the subpoena, and that if he were to appear for a deposition, he would invoke his constitutional right to not incriminate himself and, accordingly, would decline to answer any questions posed.

The Committee, as a result, moves for respondent's interim suspension based upon uncontested evidence of respondent's professional misconduct that immediately threatens the public interest (22 NYCRR 603.4 [e] [1] [iii]). The Committee contends, inter alia, that respondent converted escrow funds for personal purposes without permission or authority to do so, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3); and that respondent's failure to provide all of the escrow account records demanded by the Committee, and the Court by subpoena, is in violation of DR 9-102 (j) (22 NYCRR 1200.46). Moreover, respondent does not oppose his interim suspension and is silent regarding the appointment of a receiver.

In view of the foregoing, we find the Committee has met its burden of demonstrating that respondent's mishandling of his escrow account constitutes professional misconduct warranting his immediate suspension from the practice of law (*see Matter of Newman*, 35 AD3d 23 [2006]; *Matter of Rohrberg*, 268 AD2d 180 [2000]), and that a receiver should be appointed to act as cosignatory on respondent's escrow account in order to protect respondent's clients and monitor his account activity (*see Matter of Muraskin*, 286 AD2d 186 [2001]).

Accordingly, the Committee's motion, pursuant to 22 NYCRR 603.4 (e) (1) (iii), should be granted and respondent suspended from the practice of law, effective immediately, and until further order of this Court. The Committee's request for the appointment of a receiver should also be granted.

SAXE, J.P., NARDELLI, BUCKLEY, SWEENY and MALONE, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court; attorney appointed to inventory respondent's files and act as receiver of respondent's escrow account, as indicated.