[869 NYS2d 92]

In the Matter of MARC S. DREIER (Admitted as MARC STUART DREIER), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 23, 2008

### APPEARANCES OF COUNSEL

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Vitaly Lipkansky* of counsel), for petitioner.

*Gerald L. Shargel* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Marc S. Dreier was admitted to the practice of

law in the State of New York by the Second Judicial Department on May 5, 1976, under the name Marc Stuart Dreier. At all times relevant to this motion, respondent has maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee (Committee) seeks an order, pursuant to 22 NYCRR 603.4 (e) (1) (iii), immediately suspending respondent from the practice of law on the basis of uncontroverted evidence of serious professional misconduct.

Respondent was the founder, and sole-equity partner of Dreier LLP, a 250-attorney national law firm. According to the Committee, he was also the sole authorized signatory on the Dreier LLP escrow accounts; only he was authorized to direct the movement of funds in and out of these accounts.

The uncontested evidence presented by the Committee to satisfy 22 NYCRR 603.4 (e) (1) (iii) includes: (1) a detailed civil complaint and an application for preliminary injunctive relief filed by the Securities and Exchange Commission (SEC), alleging that respondent defrauded multiple investors by marketing and selling fictitious promissory notes to hedge funds and other investment funds, making a profit of at least $100 million at the expense of unwitting investors; (2) a sealed criminal complaint by the United States Attorney's Office; (3) sworn declarations from a number of attorneys at, and affiliated with, Dreier LLP attesting to the fact that the firm's escrow accounts, to which respondent was the sole signatory, had repeated shortfalls amounting to tens of millions of dollars; and (4) alleged admissions by respondent to third parties, as to, inter alia, at least two purported attempts to have funds from the Dreier LLP escrow accounts transferred to one of respondent's personal accounts.

Respondent was arrested in Canada on December 2, 2008 for criminal impersonation. He was released on bail in Canada. He then returned to New York, and was arrested on the federal criminal complaint. A December 11, 2008 application for bail in New York was denied. The federal court appointed a temporary receiver for all of respondent's assets and for the firm's escrow accounts. Dreier LLP has also filed for chapter 11 bankruptcy.

Respondent has declined to oppose this motion, because of the ongoing federal criminal case. His attorney states that respondent "will at this time, assert his Fifth Amendment privilege against self-incrimination." Thus, no facts are presented to controvert the Committee's submissions (see Matter of Boter, 46

AD3d 1, 7 [2007]; *Matter of Berman*, 45 AD3d 219, 222 [2007]; *Matter of Muraskin*, 286 AD2d 186 [2001]; *Matter of Rodwin*, 253 AD2d 67, 68-69 [1999]).

In view of the foregoing, we find that the Committee has met its burden on the motion (*see* 22 NYCRR 603.4 [e] [1] [iii]). The evidence gathered by the SEC and the United States Attorney's Office, and the sworn declarations annexed to the Committee's motion, none of which are controverted, relate that respondent was engaged in a fraudulent scheme to sell investors fictitious promissory notes, for a profit of over $100 million; and converted tens of millions of dollars from the Dreier LLP escrow accounts.

This Court has consistently held that an attorney who converts funds should be immediately suspended, prior to the conclusion of the disciplinary proceeding (*Matter of Berman*, 45 AD3d 219 [2007]; *Matter of Newman*, 35 AD3d 23 [2006]; *Matter of Wallman*, 260 AD2d 148 [1999]). The sheer magnitude of the alleged conversion in this case, and the fact that some of the acts in furtherance thereof allegedly took place while respondent was in a Canadian prison are cause for great public concern.

Accordingly, the Committee's motion should be granted and respondent should be immediately suspended pursuant to 22 NYCRR 603.4 (e) (1) (iii).

TOM, J.P., GONZALEZ, BUCKLEY, SWEENY and CATTERSON, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.