[886 NYS2d 685]

In the Matter of MARC S. DREIER (Admitted as MARC STUART DREIER), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 8, 2009

## APPEARANCES OF COUNSEL

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Vitaly Lipkansky* of counsel), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Marc S. Dreier was admitted to the practice of law in New York by the Second Judicial Department on May 5, 1976, under the name Marc Stuart Dreier.

By order entered December 23, 2008, this Court suspended respondent on an interim basis, pursuant to 22 NYCRR 603.4 (e) (1) (iii), on the basis of uncontested evidence of serious misconduct (*see Matter of Dreier*, 59 AD3d 37 [2008]). At all times prior to his suspension, respondent maintained an office for the practice of law within the First Judicial Department. On May 11, 2009, respondent pleaded guilty in the United States District Court for the Southern District of New York to all of the eight counts in an indictment against him. They charged: conspiracy to commit securities fraud and wire fraud in violation of 18 USC § 371; securities fraud in violation of 15 USC § 78j (b) and § 78ff, 17 CFR 240.10b-5 and 18 USC § 2; wire fraud in violation of 18 USC §§ 1343 and 2; and, money laundering in violation of 18 USC § 1956 (a) (1) and (2). On July 13, 2009, respondent was sentenced to 20 years' incarceration.

The Departmental Disciplinary Committee (Committee) seeks an order, pursuant to Judiciary Law § 90 (4) (b), striking respondent's name from the roll of attorneys on the ground that he was automatically disbarred as a result of his convictions of federal felonies that would also constitute felonies if committed under New York law.

Respondent has not appeared on this motion, although a copy of the Committee's petition was served on counsel who appeared on his behalf during the criminal proceeding and on the prior suspension application.

A conviction of a federal felony does not trigger automatic disbarment unless the offense would constitute a felony under the New York Penal Law (Judiciary Law § 90 [4] [e]; *Matter of Rosenthal*, 64 AD3d 16, 18 [2009]). The federal felony need not be a "mirror image" of the New York felony but it must be essentially similar (*Matter of Margiotta*, 60 NY2d 147, 150 [1983]). Essential similarity may be demonstrated by evidentiary materials, such as admissions made under oath made during a plea allocution, which may be read in conjunction with the indictment or information (*Matter of Sorin*, 47 AD3d 1 [2007]).

Here, respondent's admitted misconduct with respect to his convictions: (1) for securities fraud under 15 USC § 78j (b) and

§ 78ff; and (2) for conspiracy to commit securities fraud, in violation of 18 USC § 371, have been held to correspond to the misconduct which would constitute a violation of New York's insider trading statute, General Business Law § 352-c (5) and (6). As respondent's criminal offenses, if committed under New York law, would constitute felonies, they are a proper predicate for automatic disbarment (*see Matter of Rosenthal*, 64 AD3d at 18; *Matter of Olesnyckyj*, 43 AD3d 167 [2007]; *Matter of Appell*, 27 AD3d 81, 83 [2006]).

Accordingly, the Committee's petition should be granted and respondent's name stricken from the roll of attorneys pursuant to Judiciary Law § 90 (4) (a) and (b) upon the ground that respondent has been disbarred as a result of his convictions of federal felonies that would constitute a felony under New York law.

Respondent's name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to May 11, 2009.

GONZALEZ, P.J., TOM, SWEENY, BUCKLEY and CATTERSON, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to May 11, 2009.