OPINION OF THE COURT
Per Curiam.
Respondent Julian D. Riley was admitted to the practice of law in the State of New York by the First Judicial Department on June 16, 1997, under the name Julian Dennis Riley, Jr. At all times relevant to this proceeding, he has maintained a law office within this Judicial Department.
The Departmental Disciplinary Committee moves for an order pursuant to 22 NYCRR 603.4 (e) (1) (ii) and (iii), immediately suspending respondent from the practice of law until further order of the Court, based on substantial admissions under oath by respondent, and other uncontested evidence of respondent’s professional misconduct threatening the public interest, based upon his misappropriation of funds from his IOLA account.
The Committee began its investigation into respondent’s conduct when it received notice of a check from respondent’s IOLA account that was returned for insufficient funds. Its initial investigation revealed that of the 28 transactions on that account between January 29, 2010 and July 6, 2010, respondent had issued seven checks payable to “cash” in the aggregate sum of $24,000, as well as a check payable to himself for $17,000. In his initial examination under oath before the Committee, respondent stated that all the funds deposited and withdrawn from this account were exclusively deposited, held, and disbursed for the benefit of a personal friend of his named Steve Cronin, and in accordance with Cronin’s instructions, but that he did not keep a ledger and could not explain the details of the cash transactions. Respondent initially asserted that a $13,000 check he deposited into the IOLA account on March 15, 2010 was a loan or advance to Cronin, and that an April 19, 2010 check of $17,000 made payable to himself from the account was a repayment of the earlier $13,000 advance plus a $4,000 advance payment for a future joint project. However, after Cronin denied borrowing money from respondent, respondent appeared for a follow-up deposition. At this second examination, he admitted that his deposit of his $13,000 check into the IOLA account was not a loan, but intended to replenish funds he had previously taken from the account for personal use, without Cronin’s permission or authorization. The Committee’s inquiry ceased at that point, at respondent’s request, to give respondent the opportunity to retain or consult with counsel.
*111 Pursuant to 22 NYCRR 603.4 (e) (1), this Court may suspend an attorney from the practice of law on an interim basis, upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest, based on “(ii) a substantial admission under oath that the attorney has committed an act or acts of professional misconduct; or (iii) other uncontested evidence of professional misconduct.” When the conversion of client funds is established by such evidence, the interim suspension of the attorney is merited (see e.g. Matter of Blau, 50 AD3d 240 [1st Dept 2008]; Matter of Berman, 45 AD3d 219 [1st Dept 2007]). Respondent protests that the improprieties in his record keeping and his single misappropriation and subsequent repayment of funds fail to establish that he presents an immediate threat to the public interest. We disagree.
Respondent’s admission that he took funds from a client account for his personal use would by itself demonstrate a sufficient threat to the public interest to warrant the interim suspension, but in addition, we observe that unanswered questions remain regarding respondent’s transfers and use of account funds, because the Committee’s inquiry was cut short once respondent made his admission. Respondent’s other improprieties lend further support to the need to protect the public interest. Writing IOLA account checks to “cash” and keeping inadequate records on the account constitute violations of the Rules of Professional Conduct (22 NYCRR 1200.0) (see rule 1.15 [a], [d] [2]), as does respondent’s failure to keep his attorney registration current. Additionally, his initial failure to be forthright with the Committee in the course of its investigation weighs against him.
The record currently before the Court warrants the imposition of the immediate interim suspension sought by the Committee.
Accordingly, the Committee’s motion should be granted and respondent suspended from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) (ii) and (iii), effective immediately, and until further order of this Court.
Tom, J.P., Mazzarelli, Saxe, Catterson and DeGrasse, JJ., concur.
Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.