[973 NYS2d 105]

In the Matter of SHIGETAKA OGIHARA, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 3, 2013

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kathy Wu* of counsel), for petitioner.

*Meredith S. Heller* and *Pery D. Krinsky*, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Shigetaka Ogihara was admitted to the practice of law in the State of New York by the Second Judicial Department on January 14, 1987 and has at all times relevant to this proceeding maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee seeks an order pursuant to the Rules of the Appellate Division, First Department (22 NYCRR 603.4 [e] [1] [iii]), immediately suspending respondent from the practice of law based upon uncontested evidence of professional misconduct involving escrow funds. Such evidence includes respondent's own written statements to his client. The Manhattan District Attorney's office has also obtained an indictment that accuses respondent of having committed grand larceny in the first degree (Penal Law § 155.42), by stealing property from his client with a value in excess of $1 million.

In December 2012, respondent's client filed a complaint with the Committee, alleging that respondent had invested $1.8 million of her money without her permission and for his own benefit. Bank documents provided by the client and subpoenaed by the Committee show that between June and October 2009, the client made wire transfers totaling $1.8 million into respondent's firm's attorney escrow account. According to the client, this money was provided in connection with her anticipated purchase of a condominium apartment. Due to unrelated litigation involving the sellers and the condominium, the real estate transaction failed to close. The records also show that immediately after respondent made the last transfer of money to respondent's escrow account, he transferred the entire $1.8 million out of that account to the account of a nonparty to the real estate transaction. The client alleges that this transfer by respondent was wholly without her knowledge or consent. She contends further that it was only three years later, on October 31, 2012, that she learned about the transfer in a handwritten note by respondent to her admitting that "[w]ithout your prior authorization, I have invested $1.8 million of your funds which I have been holding, as a result of which I do not have possession of those funds as of today. In order to resolve this matter, I will return $1.8 million within next two weeks"

In a subsequent letter dated November 18, 2012 to her, respondent stated that he had no means of returning her funds,

and that the only way he could repay her was is if he continued to work as a lawyer. He urged her not to pursue any criminal and/or civil remedies, in essence asking her to "keep the entire matter confidential and private."

Respondent, who is represented by counsel and has answered the complaint, denies he ever acted without his client's knowledge. He states that he was authorized by his client to transfer the funds from his attorney account to the nonparty's account for investment purposes, though he acknowledges that "due to certain financial failings beyond my control, to date, those Funds have not been returned."

The bank documents subpoenaed by the Committee reflect that respondent opened two Chase accounts under his own name, rather than his law firm, listing his home address as the mailing address for each account. One account was a Chase "client funds" account and the other was a Chase "business" account. The bank documents reflect that on January 4, 2010, approximately two months after respondent transferred $1.8 million from his escrow account to the nonparty's account, the nonparty wire transferred the sum of $1,886,220 into respondent's Chase client funds account. Two days later, on January 6, 2010, respondent transferred $86,220 from the Chase client account to his Chase business account, later writing checks from that account. Respondent also then transferred $1.8 million from his Chase client account back to the same nonparty that had wired the $1,886,220 to him. According to the indictment filed against respondent for grand larceny, the client had, in early 2010, requested documentation from respondent that her escrow money was secure and still in his possession. The $1,886,220 transfer to respondent's Chase client fund account remained in that account long enough for respondent to receive a bank statement for February 2010 which he provided to his client in response to her request for verification.

Notwithstanding respondent's claim in his answer, that he acted with his client's permission and authority, respondent has failed to produce any records to substantiate that claim and, in any event, the Committee avers that whatever proceeds or profits respondent made and retained from the $1.8 million investment belongs to his client. Although there is no claim by the Committee that respondent is not cooperating with its investigation, respondent has yet to appear for an examination under oath or produce his file. This is partly due to his having suffered an accident, requiring his hospitalization, and subse-

quent arrest on the grand larceny charges once he was released from the hospital.

22 NYCRR 603.4 (e) (1) (iii) provides for an interim suspension where, as here, there is uncontested evidence of an attorney's professional misconduct immediately threatening the public interest, in particular, misappropriation and/or conversion of funds. The escrow records, the client's sworn affidavits, and respondent's handwritten note to his client admitting that he did not have permission to use her money for his own purpose are substantial, uncontested evidence that respondent has misappropriated and/or intentionally converted client funds in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15 (a) and/or rule 8.4 (c), warranting his interim suspension (*see e.g. Matter of Schachter*, 100 AD3d 45 [1st Dept 2012] [interim suspension where attorney admitted to misappropriating funds belonging to law firm without permission]; *Matter of Kennedy*, 87 AD3d 107 [1st Dept 2011] [interim suspension where attorney converted and/or misappropriated down payment funds held in escrow in a real estate transaction]; *Matter of Berman*, 45 AD3d 219 [1st Dept 2007] [same]; *Matter of Newman*, 35 AD3d 23 [1st Dept 2006] [interim suspension where attorney admitted, inter alia, withdrawing funds from IOLA account payable to himself for unrelated uses]; *Matter of Wertis*, 307 AD2d 15 [1st Dept 2003] [interim suspension where attorney admitted making unauthorized withdrawals of trust funds for personal use]). Furthermore, respondent has failed to meaningfully controvert the evidence of professional misconduct against him (*see Matter of Jobi*, 56 AD3d 158, 160 [1st Dept 2008]; *Matter of Taylor*, 48 AD3d 138, 145 [1st Dept 2007]; *Matter of Tannenbaum*, 16 AD3d 66 [1st Dept 2005] [attorney suspended on interim basis where claim that the money he took was for fees was rejected in absence of documentation in support]). Moreover, respondent does not oppose and consents to the Committee's motion for an interim suspension. Based upon substantial documentary evidence of respondent's misappropriation and/or conversion of client funds, and in light of his failure to establish authorization to invest his client's monies, respondent poses an immediate threat to the public interest and should be immediately suspended from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) (iii) (*see Matter of Cohen*, 90 AD3d 21 [1st Dept 2011] [interim suspension where, inter alia, uncontested evidence of unauthorized use of escrow funds for personal use]).

Accordingly, the Committee's motion should be granted and respondent suspended from the practice of law, effective immediately, until such time as disciplinary proceedings have been concluded and until further order of this Court.

GONZALEZ, J.P., ACOSTA, RENWICK, RICHTER and GISCHE, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.