[23 NYS3d 243]

In the Matter of ADAM S. GOTTBETTER (Admitted as ADAM SPENCER GOTTBETTER), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 28, 2016

APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Raymond Vallejo* of counsel), for petitioner.

*Kasowitz, Benson, Torres & Friedman LLP* (*Brian S. Choi* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Adam Spencer Gottbetter was admitted to the practice of law in the State of New York by the First Judicial Department on January 11, 1993. At all relevant times to this proceeding, respondent maintained his principal place of business within the First Judicial Department.

On September 3, 2014, under a plea agreement with the Office of the United States Attorney, respondent pleaded guilty to an information filed in the United States District Court for the District of New Jersey charging him with conspiracy to commit securities fraud and mail fraud in violation of 18 USC §§ 371 and 1341, 15 USC §§ 78j (b) and 78ff and 17 CFR 240.10b-5, all felonies under the applicable statutes. On May 26, 2015, respondent was sentenced to 18 months of incarceration and one year of supervised release; he was also ordered to pay a $60,000 fine and to forfeit $344,966.55 to the United States.

Respondent, the managing partner of a securities and corporate law firm (Gottbetter & Partners LLC), owned a registered broker-dealer (Gottbetter Capital Markets LLC) and a firm that provided a variety of corporate transactional services to clients (Gottbetter Capital Group Inc.). During his plea allocution, respondent admitted that between June 2012 and November 2013, he agreed with others, and also directed others, to participate in two stock market manipulation schemes involving the publicly traded companies Lido International Corp. (which later changed its name to HBP Energy Corp.) and Dynastart Holdings Incorporated (DYNA). Respondent and others conspired to, among other things, disseminate or cause the dissemination of false and misleading information about the companies to fraudulently inflate the price of the stocks in order to later sell shares they owned to make a profit, or to make the companies more attractive to potential investors for financing deals that respondent, his law firm, or broker-dealers would handle. Respondent admitted that he knowingly and intentionally committed these acts in order to generate

substantial fees and other illicit gains, and to sell the stocks at the fraudulently inflated prices to the investing public for a profit. Respondent directed the trader involved, or someone on his behalf, to wire $75,000 into his attorney trust account as payment for the 1.5 million shares of DYNA stock that respondent had arranged to be transferred to the trader for him, the trader, to use to engage in manipulative trading.

The criminal information to which respondent pleaded guilty alleged that he generated at least $344,966.55 in illicit profits during the course of the DYNA manipulation scheme. By entering into the plea agreement, respondent consented to the entry of a forfeiture money judgment in the amount of $344,966.55. Further, on May 26, 2015, the day of his sentencing, respondent signed a consent judgment and order of forfeiture in the amount of $344,966.55 representing the proceeds of the conspiracy offense charged in the information.

Now, the Departmental Disciplinary Committee (Committee) seeks an order striking respondent's name from the roll of attorneys under Judiciary Law § 90 (4) (b) upon the ground that he was automatically disbarred as a result of his conviction of a federal felony that would constitute a felony if committed under New York law (Judiciary Law § 90 [4] [e]; *Matter of Kluger*, 102 AD3d 168 [1st Dept 2013]; *Matter of Rosenthal*, 64 AD3d 16 [1st Dept 2009]; *Matter of Appell*, 27 AD3d 81 [1st Dept 2006]). In the alternative, the Committee seeks an order determining that the crime of which respondent has been convicted is a "serious crime" within the meaning of Judiciary Law § 90 (4) (d), immediately suspending respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f), and directing him to show cause before a referee appointed by the Court or a hearing panel of the Committee why a final order of censure, suspension or disbarment should not be made (Judiciary Law § 90 [4] [g]).

Respondent's counsel has submitted a response on his behalf, dated October 26, 2015, wherein respondent admits all of the allegations in the petition and consents to the relief requested by the Committee.

Respondent's admissions during his plea allocution are sufficient to establish the elements of the New York insider trading statute, General Business Law § 352-c (5) and (6). Violation of either one of these sections of the General Business Law constitutes a felony and, therefore, automatic disbarment is proper (*see Rosenthal*, 64 AD3d at 18; *Matter of Marks*, 4 AD3d

11 [1st Dept 2004]; *Matter of Novich*, 285 AD2d 136 [1st Dept 2001]).

Accordingly, the Committee's petition should be granted and respondent's name stricken from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b) effective nunc pro tunc to September 3, 2014.

FRIEDMAN, J.P., SWEENY, RENWICK, ANDRIAS and MOSKOWITZ, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to September 3, 2014.