Matter of Patel (2021 NY Slip Op 03106)





Matter of Patel


2021 NY Slip Op 03106


Decided on May 13, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 13, 2021

PM-55-21
[*1]In the Matter of Milan K. Patel, an Attorney. (Attorney Registration No. 2959716.)

Calendar Date:March 22, 2021

Before:Egan Jr., J.P., Lynch, Clark, Reynolds Fitzgerald and Colangelo, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.



Per Curiam.
Respondent was admitted to practice by this Court in 1999 and most recently maintained an office for the practice of law in Miami, Florida. In February 2019, respondent pleaded guilty to one count of conspiracy to commit securities fraud (see 18 USC § 371) and one count of securities fraud and to aiding and abetting same (see 15 USC §§ 78j [b]; 78ff; 18 USC § 2; 17 CFR 240.10b-5) in the United States District Court for the District of Massachusetts. He was later sentenced in August 2020 to, among other things, 15 months in federal prison. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves pursuant to Judiciary Law § 90 (4) (a) and (b) and Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.12 (c) (1) to strike respondent's name from the roll of attorneys due to his felony conviction within the meaning of Judiciary Law § 90 (4) (e) or, alternatively, pursuant to Judiciary Law § 90 (4) (f) and Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.12 (c) (2) for an order of censure, suspension or disbarment based upon respondent's conviction of a serious crime within the meaning of Judiciary Law § 90 (4) (d). Respondent has not responded to the motion.
Pursuant to Judiciary Law § 90 (4) (a), "[a]ny person being an attorney and [counselor]-at-law who shall be convicted of a felony as defined in [Judiciary Law § 90 (4) (e)] shall[,] upon such conviction, cease to be an attorney and [counselor]-at-law." As is relevant here, felony offenses that suffice for automatic disbarment pursuant to Judiciary Law § 90 (4) (a) include "any criminal offense committed in any . . . territory of the United States and classified as a felony therein which[,] if committed within this state, would constitute a felony in this state" (Judiciary Law § 90 [4] [e]). "The predicate foreign felony need not be a 'mirror image' of the New York felony; rather, the felonies must have 'essential similarity,' which is determined through a comparison of the language of the applicable statutes along with any precedent pertaining to the foreign felony at issue" (Matter of Hand, 164 AD3d 1006, 1007-1008 [2018], quoting Matter of Margiotta, 60 NY2d 147, 150 [1983]). However, if the language of the relevant statutes is not essentially similar based on a plain reading, this Court may consider the records from a respondent's proceedings before the foreign jurisdiction's judicial forum as part of our determination as to whether there is essential similarity between the established criminal conduct in the foreign jurisdiction and an enumerated felony in this state (see Matter of Stacy, 186 AD3d 918, 920 [2020]; Matter of Hand, 164 AD3d at 1008; see also Matter of Vitayanon, 173 AD3d 1331, 1332 [2019]).
AGC contends that respondent's conviction for securities fraud, and aiding and abetting same, is essentially similar to three different class E felony offenses in New York — first-degree scheme to defraud in violation of Penal Law[*2]§ 190.65 (1) (b) and securities fraud in violation of General Business Law § 352-c (5) and (6). We start with the federal statute underlying respondent's conviction, which provides that "[i]t shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange . . . [t]o use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, or any securities-based swap agreement[,] any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [Securities and Exchange] Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors" (15 USC § 78j [b]). Further, 17 CFR 240.10b-5 states that "[i]t shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange, (a) [t]o employ any device, scheme, or artifice to defraud, (b) [t]o make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or (c) [t]o engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security."
Turning first to a comparison of the relevant federal securities fraud statute with the purported New York equivalent of first-degree scheme to defraud, a person is guilty of the latter offense "when he or she . . . engages in a scheme constituting a systematic ongoing course of conduct with intent to defraud more than one person or to obtain property from more than one person by false or fraudulent pretenses, representations or promises, and so obtains property with a value in excess of [$1,000] from one or more such persons" (Penal Law § 190.65 [1] [b]). On their face, we find that the two offenses are not direct analogues for purposes of automatic disbarment, as the federal statute is specifically tailored to proscribe conduct involving securities and further proscribes conduct that would not constitute felony conduct in this state as proscribed in Penal Law § 190.65 (1) (b). Accordingly, we must turn to an analysis of the established facts in the record. Based on our review of the record before this Court, we are unable to find that essential similarity exists. It is clear that the criminal information describes conduct that would suffice for a conviction for first-degree scheme to defraud in violation of Penal Law § 190.65 (1) (b); however, we require more than the allegations in the accusatory instrument in order to demonstrate essential similarity. To this point, the record before us, which contains [*3]respondent's plea agreement with the United States along with a judgment of conviction, does not provide the necessary admissions directly from respondent as part of his plea confirming that he engaged in the charged conduct described in the information (cf. Matter of Hand, 164 AD3d at 1008; Matter of Merker, 140 AD3d 1, 4 [2016]; Matter of Madoff, 114 AD3d 184, 186 [2013]). Accordingly, we find that respondent's federal securities fraud conviction cannot serve as a predicate conviction for automatic disbarment on the record before us.
We are constrained to a similar finding pertaining to the relevant federal securities fraud statute and General Business Law § 352-c (5) and (6). To be sure, both subdivisions of section 352-c bear a greater measure of similarity to the federal statute, as they specifically concern conduct involving securities. In this respect, General Business Law § 352-c (5) provides that any person "who intentionally engages in any scheme constituting a systematic ongoing course of conduct with intent to defraud [10] or more persons or to obtain property from [10] or more persons by false or fraudulent pretenses, representations or promises, and so obtains property from one or more of such persons while engaged in inducing or promoting the issuance, distribution, exchange, sale, negotiation or purchase of any securities or commodities, as defined in this article, shall be guilty of a class E felony." Further, General Business Law § 352-c (6) proscribes similar conduct concerning securities, stating that any person "who intentionally engages in fraud, deception, concealment, suppression, false pretense or fictitious or pretended purchase or sale, or who makes any material false representation or statement with intent to deceive or defraud, while engaged in inducing or promoting the . . . sale . . . or purchase within or from this state of any securities . . . and thereby wrongfully obtains property of a value in excess of [$250], shall be guilty of a class E felony." Notwithstanding their similarities, however, we find that both relevant subdivisions of General Business Law § 352-c have elements that must be met beyond the elements of their purported federal counterpart and, accordingly, we again require proof or admissions that respondent engaged in the proscribed conduct in those subdivisions (see Matter of Gottbetter, 138 AD3d 21, 23 [2016]; Matter of Dreier, 69 AD3d 43, 45 [2009]; Matter of Woghin, 64 AD3d 5, 7 [2009]; Matter of Olesnyckyj, 43 AD3d 167, 168-169 [2007]; Matter of Grossman, 36 AD3d 170, 171 [2006]; see also Matter of Balis, 32 AD3d 66, 68 [2006]). On the record before us, we simply cannot make that determination. Specifically, outside of the allegations in the criminal information, there is insufficient evidence to find that respondent pleaded guilty to criminal conduct undertaken with intent to defraud (cf. Matter of Rosenthal, 64 AD3d 16, 18 [2009]; Matter of Reich, 128 AD2d 329, 331 [1987]). Therefore[*4], we deny that part of AGC's motion seeking to strike respondent's name from the roll of attorneys based upon a conviction for an analogue felony, and turn to the remaining relief sought in AGC's motion (see Matter of Fisher, 131 AD3d 44, 46 [2015]).
To that end, AGC alternatively asks this Court to find that respondent was convicted of a serious crime as defined in Judiciary Law § 90 (4) (d) based upon his conviction of conspiracy to commit securities fraud (see Judiciary Law § 90 [4] [f]). Respondent's conviction of conspiracy to commit securities fraud is classified as a felony offense under the United States Code and, thus, we find that it meets the requirements of Judiciary Law § 90 (4) (d) (see Matter of Woodward, 232 AD2d 22, 23 [1997]). Further, as respondent has now been sentenced and has not requested to be heard as to sanction (see Judiciary Law § 90 [4] [g], [h]; compare Matter of Reddington, 189 AD3d 2044, 2045 n 2 [2020]), we find that he has been convicted of a serious crime and turn to the inquiry of the appropriate discipline to be imposed (see Matter of DeMelo, 162 AD3d 1303, 1304 [2018]).
Respondent has not responded to the motion and therefore has offered nothing for our consideration in mitigation. Conversely, AGC has raised several factors in aggravation. The most significant of these factors arises from respondent's conduct surrounding his November 2018 application to this Court for leave to resign for nondisciplinary reasons (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22). To this point, respondent initially submitted an application for nondisciplinary resignation a mere eight days prior to the filing of criminal charges against him. At that time, respondent had already been presented with a plea agreement by the United States, which he executed two days after submitting his application to this Court. Further, in response to a request from this Court seeking clarification of his failure to respond to certain inquiries in his form affidavit (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix E), he submitted a supplemental affidavit — after he had been criminally charged — and made no effort to advise this Court of the change in his status. This Court ultimately learned of respondent's criminal matter through its own investigation and, accordingly, dismissed his resignation application. We can only conclude that respondent's actions were undertaken in a misguided attempt to avoid disclosing to this Court and AGC that he was facing charges for his federal criminal activity, and we find that his deceptive behavior severely aggravates his already serious criminal conduct.[FN1] In sum, in order to protect the public, maintain the honor and integrity of the profession, and deter others from committing similar misconduct, we find that respondent should be disbarred in this state (see Matter of Farrace, 173 AD3d 1422, 1423 [2019]; Matter of DeMelo, 162 AD3d at 1305; Matter of Mueller[*5], 131 AD3d 762, 762 [2015]).
Egan Jr., J.P., Lynch, Clark, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted in part and denied in part in accordance with the findings set forth in this decision; and it is further
ORDERED that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: We note that respondent later failed to properly advise this Court (see Judiciary Law § 90 [4] [c]) and AGC (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.12 [a]) of his criminal conviction in a timely manner. Further, respondent has a longstanding registration delinquency in this state having last registered for the 2017-2018 biennial period (see Matter of Leite-Young, 177 AD3d 1240, 1241 [2019]).